## BANK OF TIFTON v. SAUSSY & HUXFORD et al.

Where there are several persons residing in different counties, claiming a fund in the hands of a person who has no interest therein, and who is so situated that he may apply to a court of equity for an order of interpleader, the petition may be filed against all of them in the county of the residence of any one of them.

Submitted July 18, 1906.—Decided February 14, 1907.

Interpleader. Before Judge Mitchell. Tift superior court. December 11, 1905.

*Fulwood & Murray* and *F. S. Harrell,* for plaintiff.

*Saussy & Saussy* and *Murrow & Pate,* for defendants.

ATKINSON, J. The Bank of Tifton brought in the superior court of Berrien county a petition styled a petition for interpleader, against Saussy & Huxford, of Chatham county, and Clyatt, of Berrien county. The defendants Saussy & Huxford filed both a general and special demurrer. Subsequently this demurrer was amended by the insertion of a ground that the petition on its face showed that the superior court of Berrien county had no jurisdiction, so far as Saussy & Huxford were concerned. After the County of Tift was created and organized, the case was transferred to the superior court of that county, and the judge of the superior court passed an order in the following words: "The demurrer filed by the defendant Saussy & Huxford to the jurisdiction of the court, i. e., the superior court of Berrien county, now by law the superior court of Tift county, having been argued, the same is hereby sustained, and the said bill of interpleader is hereby dismissed with costs on the plaintiff." To the judgment dismissing the petition the plaintiffs excepted.

It appears from the order of the judge that he passed only upon one ground of the demurrer,—that one raising the question of jurisdiction. We think he erred. A petition for interpleader is an equitable proceeding. Substantial relief is prayed, so far as the stakeholders are concerned, against each of the persons claiming the fund; and therefore where the claimants reside in different counties, the petition may be properly filed in the county of the residence of either. Whether the petition, upon its merits, is good as a petition in the nature of a bill of interpleader, we do not now determine; for the reason that this question has never been passed

upon by the trial judge. The superior court of Tift county had jurisdiction of the demurring defendants, and the court may proceed to determine the general and special demurrers.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*