20863.  GUNBY *et al. v.* HARPER *et al.*

MOBLEY, Justice.  John C. Harper, a resident of Richmond County, and Henry Lee Thomas, M. F. Moody, R. W. Coody, and W. L. Jones, residents of other counties in Georgia, filed their petition in the Superior Court of Richmond County against

nineteen savings and loan associations and one bank, three of which had their principal places of business in Richmond County. The plaintiffs alleged that they were ordinaries who had retired pursuant to the provisions of the act of the General Assembly approved December 22, 1953, as amended (Ga. L. 1953, Nov.-Dec. Sess., p. 362; Ga. L. 1955, p. 645; Ga. L. 1956, p. 805), which had been repealed by the act of the General Assembly of March 21, 1958 (Ga. L. 1958, p. 185; Code, Ann., §§ 24-1701a—24-1716a); that the repealing act did not provide for the handling of the Ordinaries Retirement Fund of Georgia provided for by the 1953 act, which fund had been deposited by the commissioners of the Ordinaries Retirement Fund in the defendant savings and loan associations and bank; that the plaintiffs were entitled to receive stated amounts of money as their retirement income which they had not received; that there was no one legally entitled to manage the Ordinaries Retirement Fund accumulated under the 1953 act, as amended, and that the court should appoint a receiver to manage the fund and protect it from illegal use by others who were threatening to take over the fund and handle it without legal authority. Thereupon, the court appointed the Citizens and Southern National Bank of Savannah (Augusta Branch) temporary receiver of the Ordinaries Retirement Fund and restrained the defendants from paying the funds to any other person. Six of the defendants filed their separate answers in which they alleged that they were mere stakeholders of the disputed fund, that they were under obligation to return the money in question to the persons who deposited it and that claimants to the fund, "especially Eugene Gunby and C. H. Hollingsworth, Jr.," who deposited the funds, be required to interplead.

The trial judge issued a rule nisi ordering the members of the Board of Commissioners, the plaintiffs in error, and the retired ordinaries, the defendants in error, to show cause why they should not be required to interplead. The plaintiffs in error filed their motion to dismiss the restraining order on the ground that Richmond Superior Court lacked jurisdiction over them because none of them was a resident of Richmond County and that they were the only ones against whom substantial equitable relief was sought. The plaintiffs in error filed general demurrers to the petition of John C. Harper, et al., on the ground that the Superior Court of Richmond

County was without jurisdiction of them, that none was a resident of that county, that they were the only defendants against whom substantial equitable relief was prayed, and that the petition alleged no ground for equitable relief against them and set forth no cause of action for interpleader or injunction. They also filed numerous special demurrers to the various paragraphs of the petition. The plaintiffs in error also filed general demurrers to the pleas and answers of the savings and loan associations seeking an order requiring the retired ordinaries and the board to interplead on the ground that the Superior Court of Richmond County was without jurisdiction of them and that the pleas and answers failed to set forth a cause of action for interpleader against the board. In addition, they filed numerous special demurrers to the pleas and answers. The exception is to the denial of their motion to dismiss the restraining order and to the overruling of their demurrers. *Held*:

1. "Where there are several persons residing in different counties, claiming a fund in the hands of a person who has no interest therein, and who is so situated that he may apply to a court of equity for an order of interpleader, the petition may be filed against all of them in the county of the residence of any one of them." *Bank of Tifton* v. *Saussy & Huxford*, 127 *Ga.* 457 (56 S. E. 513). Since a petition for interpleader is an equitable proceeding (*Bank of Tifton* v. *Saussy & Huxford*, 127 *Ga.* 457, supra), it must be brought in the county of the residence of one against whom substantial equitable relief is prayed. Code § 2-4903. "Substantial relief is prayed, so far as the stakeholders are concerned, against each of the persons claiming the fund; and therefore where the claimants reside in different counties, the petition may be properly filed in the county of the residence of either." *Bank of Tifton* v. *Saussy & Huxford*, 127 *Ga.* 457, supra. Since John C. Harper, one of the ordinaries who retired under the 1953 act as amended is a resident of Richmond County and is one of those claiming the fund, the Superior Court of Richmond County does have jurisdiction. Accordingly, the trial court properly overruled the motion to dismiss and the general demurrers attacking the jurisdiction of the Richmond Superior Court.

2. "Whenever a person shall be possessed of property or funds, or owe a debt or duty, to which more than one person shall

lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." Code (Ann.) § 37-1503. "A petition for interpleader, by a holder of funds or property, will lie when there are two or more conflicting claims thereto of such a character as to render it doubtful or dangerous for the holder to act, under close disputed questions of fact or debatable questions of law which have not been adjudicated by the courts. As against general demurrer, the averments showed a proper petition. The overruling of such a demurrer of one claimant merely determines the right of the stakeholder to maintain his petition, and does not establish the superiority of the other claim as the law of the case." *Cannon* v. *Williams*, 194 *Ga.* 808 (1) (22 S. E. 2d 838). "If the holder knows all the facts, and the questions of law, under repeated decisions of this court, are not intricate or debatable, such a petition will not lie; but it is not incumbent upon the holder to decide at his peril either close questions of fact or of law to entitle him to have the parties at interest set up their claims for determination, but it is necessary that the petition show at least two persons having conflicting claims to the fund in hand and that each is apparently well founded." *Mullins* v. *Autry*, 200 *Ga.* 645 (2) (38 S. E. 2d 390).

In this case, the savings and loan associations and the bank are possessed of certain funds to which more than one person lays claim, to wit, John C. Harper, Henry Lee Thomas, M. F. Moody, R. W. Coody, and W. L. Jones, ordinaries who retired under the 1953 act, and the Board of Commissioners of the Ordinaries Retirement Fund. Their claims are of such character as to render it doubtful or dangerous for the holders to act. This is true because the funds held by the savings and loan associations and bank were collected from the ordinaries of the State participating in the retirement plan and from certain marriage license fees by the Board of Commissioners created by the 1953 act as amended, and deposited by them with the savings and loan associations and bank. Section 18 of the 1958 act provides that the act of 1953 as amended "is hereby repealed in its entirety and each of said amendatory acts is likewise repealed in its entirety." The 1958 act contains no provision that the board created by that act should succeed to the duties, powers, or rights to funds collected under the act of 1953 as amended. The board contends

that the 1958 act is a substantial re-enactment of the 1953 act as amended, and that, under *Lanham & Sons Co.* v. *City of Rome*, 136 *Ga.* 398 (4) (71 S. E. 770), the new board succeeded to the rights and duties of the old board. At page 403 of that case, it is stated: "It was contended that the acts of 1907 and 1908 were repealed by that of 1909, and that this destroyed any right on the part of the city to collect executions issued prior to the passage of the last mentioned act. It has been said that as a general rule the repeal of a statute without any reservation takes away all remedies given by the repealed statute. But where a new statute is a substantial re-enactment of an old one, and expressly recognizes and makes provision in regard to rights and remedies which accrued under it, the general rule is not applicable." Applying the rule there stated, even though it may be true (which we expressly do not decide) that the statute is a re-enactment of the old one, it does not expressly or otherwise *recognize and make provision in regard* to rights and remedies which accrued under the 1953 act as amended. Under that decision, it appears that the general rule, that the repeal of a statute without any reservation takes away all remedies given by the repealed statute, would not apply here. We conclude that the savings and loan associations and bank, which were mere stakeholders making no claim whatever to the funds and seeking directions only as to which of the contending parties who were making demand upon them for the funds were entitled thereto, were in a position in which it was dangerous for them to act, as the questions of law involved are intricate and debatable, and they were entitled to have the members of the board interplead and set up their claims to the fund and have a court of equity adjudicate the question. Until the issue is settled as to whether the board created by the 1953 act was abolished by the 1958 act and whether the new board, as it contends, succeeded to the rights and duties of the board created by the 1953 act, the savings and loan associations cannot with safety pay the money over to the members of the new board, plaintiffs in error, even though they might have in their possession the certificates of investment or account books. Code (Ann.) § 16-439 and *Daniel* v. *Citizens & Southern Nat. Bank*, 182 *Ga.* 384, 385 (4) (185 S. E. 696), and other cases cited by the plaintiffs in error, do not require a contrary ruling. The trial court

did not err in overruling the general and special demurrers to the pleas and answers of the savings and loan associations and bank, seeking to require the board to interplead.

3. The plaintiffs in error, the members of the Board of Commissioners, except to the judgment overruling general and special demurrers filed by them to the petition as amended of the defendants in error, the retired ordinaries, seeking the appointment of a receiver and injunction against the savings and loan associations and bank, and praying that the defendants in error be required to interplead. The judgment overruling the demurrers of the board members to so much of the amended petition of the retired ordinaries as sought to require the board members to interplead was harmless since they were, as heretofore ruled, properly required to interplead and were properly made parties in response to the prayers of the savings and loan associations and bank. The demurrers of the board members, attacking the petition of the retired ordinaries upon its merits, having been interposed prior to the time the board members were made parties to the proceeding, were prematurely filed; for, while a defendant may demur (Code, Ann., § 81-301), one who is not a party has no such right. Accordingly, the demurrers should have been stricken and not overruled, since the overruling of the demurrers might operate to establish the law of the case. Direction is given that the judgment overruling the demurrers of the board members, attacking the petition of the retired ordinaries upon its merits, be vacated.

4. The exception to the interlocutory decree entered on December 22, 1959, is without merit. In that decree the court ordered that Eugene Gunby, Alton W. Tucker, Jr., Annie Laurie Hussey, Eugene Cook, S. Ernest Vandiver, and Clayton H. Hollingsworth be made parties; that the rival claimants to the fund, Harper et al., retired ordinaries, and Gunby et al., individually or in their representative capacity as members of the Board of Commissioners, interplead, setting forth in their pleadings their claims or interests in the funds held by the savings and loan associations, and that each be permitted to demur, answer, or file other pleadings to the petition of the other, and that the restraining order, ordering the appointment of a receiver, continue in force. The effect of this order was to require the contesting parties to litigate their respective rights to the fund in dis-

100

pute. Each occupies the position of a plaintiff as against the other, and should state his claim plainly, clearly, and distinctly, and, as far as he can, take issue with the claim of the other. *Estill* v. *Estill*, 147 *Ga.* 358, 362 (94 S. E. 304); *Whatley* v. *Alto Corp.*, 211 *Ga.* 718, 724 (88 S. E. 2d 398). We expressly do not rule upon the merits of the claims of the contesting parties to the fund. This is the issue to be tried by the trial court under its order requiring them to interplead and set up their respective claims. All the parties are properly before the court, and the issues in controversy as to this fund may be decided in this proceeding.

*Judgment affirmed with directions. All the Justices concur.*

ARGUED APRIL 11, 1960—DECIDED MAY 5, 1960—
REHEARING DENIED JUNE 9, 1960.

*Adams & McDonald*, for plaintiffs in error.

*Fulcher, Fulcher, Hagler & Harper, Hull, Willingham, Towill & Norman, John Bell Towill, J. Walker Harper, Rodney S. Cohen, Cohen, Cohen & Slaton*, contra.