## 54819. CRAIG MORTGAGE COMPANY v. LANIER HOSPITAL, LTD. et al.

Deen, Presiding Judge.

Lanier Hospital, Ltd. (Lanier), entered into a mortgage placement agreement with Craig, Gummels & Associates, part of Craig Mortgage Co., Inc. (Craig), to procure financing for Lanier from the Equitable Life Assurance Society of the United States (Equitable). The contract provided: "Upon receipt of an application from our Lender, it is agreed that a 2% cash good faith deposit or other deposit acceptable with the Lender, will be deposited with the application to the Lender. Upon receipt of a commitment on the above terms and conditions, or a

commitment alternately acceptable to the undersigned, Craig, Gummels and Associates will have performed the service for which it was engaged and shall have earned a mortgage placement fee of 2 points ($90,000), which is the equivalent to 2% of the mortgage amount. The placement fee shall be earned upon presentation of and acceptance of an acceptable commitment. Placement fees shall be payable by the assignment of a certificate of deposit payable to Lanier Hospital, Ltd. in the amount of $45,000 to Craig, Gummels and Associates, which shall be left on deposit with the lending institution for 30 days from the date of assignment. The remaining payment shall be made as a part of the initial draw down of funds from the construction loan. . ."

Lanier submitted a mortgage loan application and $45,000 plus a $45,000 letter of credit to Equitable when it applied for a $4,500,000 loan to finance construction of a hospital building. Under section 2 (b) of the application, Lanier agreed to pay "in consideration for Equitable's acceptance of this application and for holding funds available for disbursement hereunder (i) a cash deposit of $90,000 (payable 1/2 cash and 1/2 irrevocable letter of credit acceptable to The Equitable) to be held without interest and returned only upon closing the entire loan (or any advance) or if Equitable fails to approve the application within a reasonable time, . . ."

Negotiations concerning the loan were carried on for some time, but Lanier eventually refused to close the loan and refused to pay Craig a brokerage fee. Craig filed suit against Lanier for breach of the mortgage placement agreement and against Equitable for failure to deliver to Craig the $45,000 and the $45,000 letter of credit which Lanier had deposited with Equitable. Lanier filed an answer, counterclaim and a plea to jurisdiction and venue. Equitable filed an answer denying any liability and a counterclaim of interpleader. A consent order was entered ordering Equitable discharged from the action upon payment of the $45,000 in cash and the letter of credit into the registry of the court and ordered Craig and Lanier to interplead and assert their respective claims to the funds. Craig filed an interpleader claim which was answered by Lanier and contained a counterclaim with an

interpleader claim and a motion for summary judgment. Lanier's motion was granted and Craig appeals asserting that the Superior Court of Fulton County has jurisdiction over the parties and that there remains a genuine issue of material fact.

Lanier has filed a motion in this court seeking to dismiss Craig's appeal because the record was not transmitted within twenty days after the filing of notice of appeal as required by Code Ann. § 6-808. *Held:*

1. Appellee's motion to dismiss Craig's appeal is denied. Although Lanier alleges that the reason the record was not transmitted to this court by the clerk of the superior court is the failure of appellant to pay the court cost in the trial court below, the clerk's certification of the record states ". . . that the delay in transmission of this record was in no way due to the fault of Appellant, nor any party at interest, but was due to stress of work in this office from the date the Notice of Appeal was filed until July 8, 1977, at which time a memorandum of the costs for filing and transmitted (sic) of the foregoing was delivered to the deputy clerk in this office responsible for the collection of costs. A bill was rendered to Appellant's Attorney, by said deputy clerk, and the costs were paid on August 8, 1977."

2. The trial court had jurisdiction over the parties. "When there are several persons residing in different counties, claiming a fund in the hands of a person who has no interest therein, and who is so situated that he may apply to a court of equity for an order of interpleader, the petition may be filed against all of them in the county of the residence of any one of them." *Bank of Tifton v. Saussy & Huxford,* 127 Ga. 457 (56 SE 513); *Gunby v. Harper,* 216 Ga. 94 (114 SE2d 856).

3. "On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. *Colonial Stores v. Turner,* 117 Ga. App. 331 (160 SE2d 672)." *Ham*

*v. Ham,* 230 Ga. 43, 45 (195 SE2d 429). However, "'[m]erely negotiating a conditional agreement does not invest a broker with a right to a commission; he does not become entitled to a commission unless, and until, the condition is fulfilled or waived.' 12 CJS 198, Brokers, § 86 (c)." *Charter Invest. &c. Co. v. Urban Medical Services, Inc.,* 136 Ga. App. 297, 298 (220 SE2d 784). An examination of appellant's papers reveals an affidavit by Mr. William Craig which states "[t]hat certain stipulations were added to the mortgage application by Equitable to which there was an oral agreement by Lanier Hospital, Ltd." Even when viewed in the light most favorable to the appellant, the papers contain no evidence of "the presentation of and acceptance of an acceptable commitment" as required under the contract. Craig admits that there was no executed agreement between Lanier and Equitable but relies instead on an alleged oral agreement between Lanier and Equitable. The affidavit of Donald D. Evans, manager of the mortgage and real estate investment division of Equitable, states that Equitable did not approve Lanier's initial application, but notified Lanier that Equitable had approved the application subject to the addition of certain proposed new terms and conditions and upon approval of the new terms by Lanier, the requested loan would be made. Mr. Evans adds that Lanier never agreed to the additional terms and conditions proposed by Equitable. Dr. Dixon, who represented the hospital in the negotiations, admits that he agreed to three proposed new terms, but when the new conditions were sent to him they were rejected because ten other unacceptable terms were included.

Although there is a jury question as to the purpose for which Lanier deposited the funds and letter of credit with Equitable, this issue does not become a jury question because there is no triable issue as to whether or not Craig was entitled to them under their contract with Lanier.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

SUBMITTED NOVEMBER 2, 1977 — DECIDED NOVEMBER 29, 1977.

*Arthur P. Tranakos, Barry L. Zipperman,* for appellant.

*Gambrell, Russell, Killorin & Forbes, Jonathan H. Waller, Telford, Stewart & Stephens, Charles W. Stephens, Woodrow Stewart,* for appellees.