S90A0450. LEE et al. v. LEE et al.
(392 SE2d 870)

SMITH, Presiding Justice.

The appellant, Mrs. Lura Fernell Lee, is the widow of A. G. Lee, Sr., and the mother of the appellees. This case concerns the disposition of a $500,000 insurance policy on the life of A. G. Lee, Sr., which names Mrs. Lee as the sole beneficiary. The appellees, children of A. G. Lee, Sr., and Mrs. Lee, maintain that Mrs. Lee was inadvertently named the beneficiary of the insurance policy. The appellees contend that the proceeds from this policy were intended to be placed into an irrevocable trust for their benefit as successors to Mr. Lee, Sr.'s estate. We affirm in part and reverse in part.

1. The appellant raises two allegations that necessitate our review. The first is that jurisdiction is proper in the Probate Court of Bacon County rather than the Superior Court. She is mistaken. OCGA § 53-7-160 grants superior courts concurrent jurisdiction with probate courts regarding the settlement of accounts of administrators or executors. Although superior courts are reluctant to interfere in the administration of estates, they may do so where there is a danger of loss or other injury to a party's interest, *Gill v. Gill,* 211 Ga. 567 (87 SE2d 389) (1955), or where equitable interference is necessary for the full protection of the rights of the parties in interest. *Jones v. Head,* 185 Ga. 857 (196 SE 725) (1938). Here, the parties alleged that they were in danger of loss contrary to their interests. Furthermore, the parties sought to enforce specific performance of an agreement, to imply a trust, and to enjoin a party. These equitable remedies are beyond the scope of the probate court. Only a superior court could grant the relief sought. Therefore, we find that the superior court properly exercised its concurrent jurisdiction.

2. The second issue stems from the trial court's order dated October 17, 1989. This order requires the appellant to transfer the proceeds from the insurance policy in dispute to the Citizens and Southern Trust Company, Trustee for the A. G. Lee, Sr., Irrevocable Trust.

The evidence is insufficient to support the appellees' claim of ownership of the proceeds. The appellees contend that it was the intention of their father, A. G. Lee, Sr., that the proceeds from the $500,000 insurance policy be placed into the Irrevocable Trust. Because of that alleged intention, the appellees ask this Court to uphold the trial court's implication of a trust and hold that Mrs. Lee was named beneficiary of the insurance policy only due to a mistake or clerical oversight. However, the evidence in the record fails to suffi-

ciently support the appellees' contention.

In Georgia, implied trusts "are such as are inferred by law from the nature of the transaction or the conduct of the parties [cit.], and are either resulting or constructive." *Aetna Life Ins. Co. v. Weekes*, 241 Ga. 169, 171 (244 SE2d 46) (1978); OCGA §§ 53-12-26; 53-12-27. A resulting trust is based on the presumed intention of the parties, while a constructive trust is a remedial device created by a court of equity in order to prevent unjust enrichment. Bogert, Law of Trusts § 71 (4th ed.).

Under our law, it is the burden of the party claiming to be the beneficiary of a resulting trust to prove its existence by clear and convincing evidence. *Freeman v. Saxton*, 243 Ga. 571 (255 SE2d 28) (1979). The evidence offered by the appellees does not meet this standard. Instead, the record shows that the insurance policy named Mrs. Lee as beneficiary, that the testimony of the insurance agent who wrote the policy failed to corroborate the appellees' contention, and that the actions of A. G. Lee, Sr., prior to his death did not evidence a clear and convincing intent that the proceeds be held for the benefit of the appellees.

3. An award of the proceeds to the estate under a constructive trust theory must also fail. Under OCGA § 53-12-26 a constructive trust may be imposed where property has been acquired by fraud, or where, though not acquired by fraud it is against equity that it should be retained by the person who holds it. Here, there is no allegation that Mrs. Lee acquired the insurance policy through fraud. The issue then remains whether it is against equity for Mrs. Lee to retain the proceeds of the policy. As stated above, the record lacks sufficient evidence supporting the allegation that Mrs. Lee's ownership of the insurance policy and its proceeds is against equity.

This Court, thus, finds that appellant, Mrs. Lura Fernell Lee, was the beneficiary named in the insurance policy and is the legal owner of the $500,000 insurance policy plus all proceeds of every kind and nature therefrom. Therefore, paragraph four of the court order of October 17, 1989, is hereby reversed. It is directed that the amount of the policy plus all proceeds be returned to appellant upon receipt of the remittitur from this Court.

All other proceedings in this matter as set forth in the court's order of October 17, 1989, are to proceed as determined by the trial court.

*Judgment affirmed in part and reversed in part. Clarke, C. J., Weltner, Bell, Hunt, Fletcher, JJ., and Chief Judge George H. Carley, concur; Benham, J., not participating.*

DECIDED JULY 5, 1990 —
RECONSIDERATION DENIED JULY 26, 1990.

*Homer & Kennedy, Speros D. Homer, Jr., Charles M. Hall,* for appellants.
*Guttshall & Guttshall, A. P. Guttshall,* for appellees.