A94A0584. RYLES v. FIRST OGLETHORPE COMPANY et al.
(444 SE2d 578)

BIRDSONG, Presiding Judge.

Appellant Tim Ryles, Commissioner of Insurance for the State of Georgia, appeals the final order and judgment by default entered by the superior court.

Certain appellees are seeking certificates of authority from appellant to operate Self-Insured Workers' Compensation Funds in this state (see generally OCGA § 34-9-150 et seq.); one appellee is the administrator of the proposed funds. The Commissioner alleged that certain of the appellees began conducting business as a Self-Insured Group Workers' Compensation Fund before submitting applications for the requisite certificates of authority. However, appellees/plaintiffs averred in their complaint that they submitted applications in December 1992, and January 1993, before conducting business and they were not notified until late February and early March 1993 that their respective applications were deficient. In March and April 1993, the Commissioner issued a preliminary order, as amended, of refusal of certificate of authority and to cease and desist. An administrative hearing was scheduled for May 5, 1993; however, on April 5, 1993, appellees filed a civil action in superior court in essence alleging that they did not act improperly and challenging the legality of the issued order and seeking a temporary restraining order and temporary and permanent injunctive relief. Personal service of appellees' sworn complaint was obtained on April 12, 1993; on April 13, 1993, appellees filed a first amendment to the complaint and personal service thereof occurred on April 19, 1993. On April 14, 1993, appellant filed in open court a response to motion for temporary restraining order, and a TRO hearing was held. By nunc pro tunc order as of April 16, 1993, the superior court denied appellees' motion for temporary restraining order in essence finding they had failed to exhaust their administrative remedies. After the superior court issued its written order denying the TRO motion, counsel for appellant failed to file an answer to appellees' complaint. On June 8, 1993, approximately 50 days after the date of service of the amended complaint, appellees filed an ex parte petition for default judgment with the superior court; the motion was granted and final order and judgment by default was filed in open court on June 11, 1993. Upon receiving notice of default judgment, appellant, on or about June 14, 1993, filed a motion to set aside default judgment and to reopen default; following a hearing on June 30, 1993, the superior court set aside this default judgment based on

appellees' failure to comply with the notice provisions of OCGA § 9-10-2. On July 21, 1993, the Commissioner issued a 13-page final administrative order denying appellees' applications. This order provides in part: "It is hereby ordered, that plaintiffs be granted judgment for the relief sought in their complaint, and first amended complaint, as follows: (1) The denial by the Commissioner of Insurance of certificates of authority for [appellees] to do business as Self-Insurance Workers' Compensation Funds was arbitrary and capricious and without any substantial legal justification; said funds having been created in compliance with the laws of the state of Georgia. (2) The cease and desist order issued by the Commissioner [March 10, 1993] as amended [April 12, 1993] is hereby set aside and the Commissioner . . . is hereafter permanently enjoined from issuing or causing to issue any cease and desist order against the [appellees] herein in contravention of the laws of the state of Georgia." Meanwhile OCGA § 9-10-2 notice was given and, on July 23, 1993, the superior court denied appellant's motion to open default and entered a second final order and judgment by default. On November 24, 1993, appellant filed his appeal with the Supreme Court of Georgia, perceiving this to be an equity case within that court's jurisdiction; on December 2, 1993, the Supreme Court issued a terse order transferring the case to this court. *Held*:

1. "On appeal the test to determine whether the trial court erred in opening default is not whether this court would have granted or denied the motion had it been ruling thereon at the trial level. OCGA § 9-11-55 (b) allows prejudgment default to be opened on one of three grounds if four conditions are met. The question of whether to open a default on one of the three grounds rests within the discretion of the trial judge. The rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible cases should be decided on their merits for default judgment is not favored in law. Generally, a default should be set aside where the defendant acts with reasonable promptness and alleges a meritorious defense. In determining whether a situation is extreme, among the factors which may be considered, but which will not standing alone authorize the opening of default pursuant to OCGA § 9-11-55 (b), are: whether and how the opposing party will be prejudiced by opening the default; whether the opposing party elected not to raise the default issue until after the time under OCGA § 9-11-55 (a) had expired for the defaulting party to open default as a matter of right; and whether the defaulting party acted promptly to open the default upon learning no answer had been either filed or timely filed. Further, any additional delay occasioned by a failure to file promptly for opening default upon its discovery can be considered in determin-

ing whether defendants' neglect was excusable." (Citations, punctuation and emphasis omitted.) *Rogers v. Coronet Ins. Co.*, 206 Ga. App. 46, 48 (2) (424 SE2d 338). Nevertheless, the facts in each case are different and the court must look at each case in the light of the facts peculiar thereto. Id. In determining whether to open or to decline to open default, a trial judge "is always required to exercise a legal discretion, and in order to do that, some facts must be proven before him which warrant the exercise of legal discretion." (Emphasis omitted.) *Johnson v. Durrence*, 136 Ga. App. 439, 440 (221 SE2d 652).

We have examined the cases cited by both appellant and appellees and find none of them to be directly in point and perforce controlling. The circumstances of this case show, inter alia, that, although appellant negligently failed to answer the complaint timely (appellant's counsel conceded during default motion hearing that "we just forgot to file the answer. . . . I don't have any more comfortable excuse than that"), it did not totally ignore process; rather, it made an initial appearance by filing a response to appellees' motion for temporary restraining order. Appellees failed to file motion for entry of default judgment until it filed its ex parte motion, June 11, 1993, approximately 50 days after service of the first amendment to its complaint. On June 14, 1993, having received notice of the motion, appellant immediately filed a motion to set aside default judgment and to open default. At this time, appellant offered to plead instanter, announced readiness to proceed with trial on the merits, filed an answer allegedly setting forth a meritorious defense, tendered payment of costs, and made a showing under oath as to the statutory basis for its request to open default. As to the claim of a proper case to open default (due to the interest of the public in the State's regulation of Workers' Compensation Group Self-Insurance Funds), the record contains certain speculative testimony as to the degree of financial instability posed in this particular case and some evidence, albeit relatively slight, as to appellees' financial soundness and substantial compliance with the provisions of OCGA § 34-9-150. The circumstances of this case do not present a situation where the trial court is required either to grant or decline to grant the motion to open default under penalty of case reversal for having made the wrong choice. Compare *Mars, Inc. v. Moore*, 207 Ga. App. 912 (429 SE2d 299) (trial court abused discretion in denying motion to open default) with *Johnson v. Durrence*, supra (trial court abused discretion in opening default). Rather, there exists *some* evidence in this case which would support a ruling of the trial judge either to open or to decline to open the default. Whatever ruling the trial court made as to the issue before us, there would have been no abuse of judicial discretion. On appeal an appellant must show harmful error. See *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510). "Under

the existing circumstances, the record will not support a finding of abuse of discretion by the trial court." *Rogers v. Coronet Ins. Co.,* supra at 49. Appellant's first and second enumerations of error are without merit.

2. The essence of appellant's third and fourth enumerations is that the trial court erred by entering findings of fact in its final order and judgment by default, upon which it ultimately based its grant of permanent injunction, which exceeded the scope of the averments in appellee/plaintiff's complaint; and that the relief granted in the final order and judgment by default exceeded the scope of appellant's requested relief in its complaint.

At the outset we find that the setting aside of the cease and desist order issued by the Commissioner was necessary and inextricably linked to the grant of permanent injunction "from issuing or causing to issue any cease and desist order against the plaintiffs herein in contravention of the laws of the State of Georgia." We further find that the findings of fact with which appellant takes issue likewise were linked to that grant of injunction. As to these issues, "the transfer of the appeal to this court by the Supreme Court is tantamount to a ruling eliminating and resolving the equitable and injunctive issues which lie only within the jurisdiction of that court to determine." *Swicegood v. Heardmont Nursing Home,* 183 Ga. App. 319, 320 (359 SE2d 3). Thus by virtue of said transfer, these issues have been resolved against appellant.

Moreover, reviewing the complaint to protect our judgment herein (Art. VI, Sec. I, Par. IV, Ga. Const. of 1983), and construing it liberally and reasonably to achieve substantial justice consistent with the statutory requisites of the CPA (see OCGA § 9-11-8 (f)), we independently conclude that the trial court's findings of fact did not exceed the scope of the averments contained therein either expressly or by necessary implication; further, the relief granted did not exceed the scope of the prayer for relief in the complaint, which included an express averment "for such other and further relief as [the trial court] deems just and proper under the circumstances." For each of the above reasons, appellant's third and fourth enumerations are without merit.

Appellant's contentions in support of its enumerations of error are without merit; we decline to speculate in this appeal as to the scope of the injunction issued by the trial court.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MAY 2, 1994 —
RECONSIDERATION DENIED MAY 27, 1994 — ■

*Michael J. Bowers, Attorney General, Dennis R. Dunn, Senior*

*Assistant Attorney General, William W. Calhoun, Assistant Attorney General*, for appellant.

*Crim & Bassler, Harry W. Bassler, Joseph M. Murphey*, for appellees.