A94A1701. JOHNSON v. ROGERS et al.
(448 SE2d 710)

BIRDSONG, Presiding Judge.

Appellant/plaintiff William R. Johnson III appeals the order of the superior court granting summary judgment in favor of appellees/defendants Robert Eugene Rogers, Sr. et al.

Appellant was employed by the Georgia Department of Labor (DOL) and at all times pertinent was employed in the capacity of Employment Counselor, Sr. In December 1989, he was terminated from employment for reason of job abandonment with DOL following his election not to return to work after being ordered to transfer from Hinesville to Savannah. The transfer of appellant was to be accomplished without pay reduction but in a non-supervisory capacity of either an Employment Counselor, Sr. or Employment Counselor. Appellant elected not to accept his supervisor's subsequent offer to rescind the termination action if appellant would return to work in compliance with the transfer order. This election appears to have been motivated by appellant's contention that the transfer action was a demotion, which had been accomplished in violation of applicable

Rules of the State Personnel Board (SPB Rules).

Appellant administratively was upset with his termination in accordance with the procedure promulgated under the Rules and Regulations of the State Personnel Board (SPB); the SPB denied his grievance adopting the initial decision of the hearing officer. The hearing officer found, inter alia, that the separation was appropriate under all circumstances asserted, the preponderance of evidence failed to show a violation of any SPB Rule in separating appellant under the provision of Rule 12.202, and DOL cured any error arising from appellant's belief that he was on annual leave or the fact he had reported to the Hinesville office and worked on certain personnel matters on December 6, 1989, by offering appellant employment reinstatement on January 31, 1990. Appellant appealed the SPB decision to the superior court; the court remanded the case to the SPB to allow appellant to present evidence of having worked during the alleged period of abandonment. The hearing officer at the second hearing received evidence regarding whether appellant had been placed on leave during the alleged five-day period of absence. The SPB reviewed the new evidence and held that the DOL had not violated the SPB Rules and Regulations in terminating appellant's employment under the provisions pertaining to abandonment of position. The SPB further found that even if appellant had performed some work while on the alleged leave — thereby tolling the five-day abandonment period — by declining the reinstatement offer, he abandoned his job. The SPB's decision was reviewed and affirmed by the superior court and appellant elected not to appeal that judicial determination.

Appellant thereafter brought suit alleging tortious interference with his employment contract and also asserting a cause of action under 42 USC § 1983 averring that the acts of appellees were taken under color of law and in violation of his constitutional rights. As to appellant's current civil suit, the superior court granted summary judgment holding that res judicata, collateral estoppel, and failure to exhaust administrative remedies barred the action. *Held*:

1. The applicable standard for summary judgment in this case is announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). On appeal a grant of summary judgment must be affirmed if it is right for any reason. *Malaga Mgmt. Co. v. John Deere Co.*, 208 Ga. App. 764, 767 (5) (431 SE2d 746).

2. The trial court held, inter alia, that, under the SPB Rules, appellant's "transfer did not constitute a demotion because his class and pay status were unaffected." We agree. SPB Rule 10.301. The record establishes as a matter of law, by positive and uncontradicted evidence, that the transfer of appellant was to be accomplished so as to

retain him in his existing pay status; no genuine issue of material fact exists as to this issue. Assuming arguendo a modicum of circumstantial evidence had existed that a reduction in pay would directly result from the transfer, it is a long-standing rule that a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists. *Sandifer v. Long Investors*, 211 Ga. App. 757, 760 (2) (440 SE2d 479); *Brewer v. Southeastern Fidelity Ins. Co.*, 147 Ga. App. 562, 564 (249 SE2d 668) and cases cited therein. Likewise we agree, as a matter of law, with the holding of the trial court that appellant's reassignment to Savannah did not constitute a relocation within the meaning of applicable SPB Rules; the SPB Rules pertaining to relocation are not applicable where, as here, an employee is required to report to an office less than 50 miles from his original assignment. Compare SPB Rule, Ch. 478-1, § G. 200 with Office of Planning & Budget Policy Memorandum No. 2 (Revision 6), Par. 2d.

3. As to the tortious interference claims, we find that each claim against a defendant averred to have been acting in his or her official capacity is not a claim against a stranger to the contract; defendants, to the extent of acting within their official capacities, were not intermeddlers acting both improperly and without privilege. See *Renden v. Liberty Real Estate &c.*, 213 Ga. App. 333 (444 SE2d 814) and cases cited therein.

4. Pretermitting whether the trial court did not err in holding that appellant's substantive due process claims asserting constitutional deprivation (42 USC § 1983), by means of constructive demotion or retaliatory transfer, are barred by his failure to exhaust his administrative remedies (compare *Allen v. Bergman*, 198 Ga. App. 57, 58 (1) (400 SE2d 347) with *Bailey v. Wilkes*, 162 Ga. App. 410, 412 (2) (291 SE2d 418)) is whether the trial court's ruling was right for any reason. *Malaga Mgmt. Co.*, supra.

Appellees have presented certain direct evidence, which has not been contradicted or impeached, refuting appellant's claims of constructive demotion and retaliatory transfer. In view of appellees' direct evidence in support of their motion for summary judgment, as to appellant's substantive due process (42 USC § 1983) claims, the record demonstrates no genuine issue of material fact. As above stated, findings of fact which may be inferred but are not demanded by circumstantial evidence have no probative value against positive and uncontradicted evidence that no such fact exists. *Rowell v. McCue*, 188 Ga. App. 528, 531 (373 SE2d 243); *Dozier v. Wallace*, 169 Ga. App. 126, 130 (311 SE2d 839) and cases therein cited; *Ussery v. Koch*, 115

Ga. App. 463 (1) (a) (154 SE2d 879).

5. Pretermitting whether the doctrines of res judicata or collateral estoppel would bar all claims of tortious interference averred against defendants in both their official and individual capacities (see generally *Ervin v. Swift Adhesives*, 208 Ga. App. 265 (430 SE2d 133)) is whether appellant, by his conduct, waived his right to prosecute these claims. By his affirmative conduct appellant did waive such rights. For example, in several letters written by appellant to his supervisors, appellant appeared to be announcing his intent not to report to Savannah as directed, and expressly stated on at least one occasion that "as I will not be able to report to work on December the first in Savannah, I assume that I will be separated [from] the Georgia Department of Labor." Additionally, after his termination on grounds of abandonment of position had been accomplished, the Assistant Field Commissioner, Department of Labor, sent appellant a letter offering to "rescind the previous action separating you for job abandonment," if appellant would report within five workdays to his assignment in the Savannah office. It is uncontroverted that appellant, in fact, declined this offer, and that his supervisors in DOL were led by appellant's pattern of conduct to believe appellant had in fact permanently abandoned his employment with DOL. " '(A) waiver may be established even though the acts, conduct, or declarations are insufficient to establish an estoppel.' [Cit.] 'Ordinarily, a waiver operates to preclude a subsequent assertion of the right waived *or any claim based thereon. . . .* And once a right is waived the waiver cannot be withdrawn without the consent of the other party, even if subsequent events prove the right waived to have been more valuable than was anticipated.' [Cit.] In certain situations, 'the question whether waiver will be found in any particular case depends not upon the secret intention of the party against whom it is asserted, but upon the effect which his conduct has had upon the other party, (and) (i)f intention to waive is to be implied from conduct, the conduct [as here] should speak the intent clearly.' [Cit.] A fine and often imperceptible line exists between an equitable estoppel and a waiver implied from conduct." *Mauldin v. Weinstock*, 201 Ga. App. 514, 520 (4) (411 SE2d 370); accord *Paxson v. Denise*, 214 Ga. App. 552, 554 (3) (449 SE2d 120); see *Sandifer*, supra at 760 (2); see also *Dept. of Transp. v. Calfee Co. of Dalton*, 202 Ga. App. 299, 306 (2) (414 SE2d 268). "While normally the question of waiver is a matter for the jury, where, as here, the facts and circumstances essential to the waiver issue are clearly established waiver becomes a question of law." *Mauldin*, supra; *Paxson*, supra.

We further find appellant's various contentions in support of his enumeration of error to be without merit.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge*

*Harold R. Banke concur.*

DECIDED AUGUST 17, 1994.

*McKee & Barge, Christopher J. Ramig,* for appellant.
*Michael J. Bowers, Attorney General, Susan L. Rutherford, Jeffrey L. Milsteen, Senior Assistant Attorneys General,* for appellees.