A95A0226. FERNANDEZ et al. v. BANK OF DAHLONEGA.
(459 SE2d 424)

BIRDSONG, Presiding Judge.

Eusebio J. Fernandez, as trustee and in his individual capacity as participant under the Ellijay Medical Center, P.C. Money Purchase Pension Plan and Ellijay Medical Center, P.C. Profit Sharing Plan (the plans), appealed to the Supreme Court of Georgia from the superior court's order, which granted the motion for summary judgment of the Bank of Dahlonega (Dahlonega bank) and denied Fernandez's motion for summary judgment. The Supreme Court transferred the case to this court.

In 1990 and 1991, Dr. E. J. Fernandez, as trustee for the plans, purchased two certificates of deposit from the Bank of Ellijay (Ellijay bank); also, Dr. Fernandez, individually and as president of the P.C., executed a promissory note for a loan of approximately $1,230,000 from Dahlonega bank to finance the purchase of securities from Ellijay bank. In November 1991, Dr. Fernandez filed in his individual capacity an action against Ellijay bank, Dahlonega bank, Glen Marshall, and Paul Nealey (securities case), alleging that defendants had committed fraud in the sale of securities. Defendants answered; de-

fendant Dahlonega bank also filed a counterclaim against Dr. Fernandez for breach of contract, breach of a promissory note, and fraud in procuring a loan from Dahlonega bank. In March 1992, the trial court granted Dahlonega bank's motion for summary judgment on Count II of its counterclaim. A nunc pro tunc order was filed documenting this grant; the grant also was reaffirmed in the order here being appealed.

In December 1991, Ellijay bank filed an interpleader action in superior court. In February 1992, Judge Story of the Lumpkin County Superior Court entered an order (Judge Story's order) which included the following conclusions and findings: (a) Defendant Fernandez, the Ellijay Medical Center, and the plans were all represented by attorney John Longino, and this was known to Ellijay bank; (b) on November 20, 1991, Mr. Longino requested Ellijay bank to notify his office when a cashier's check payable to Ellijay Medical Center would be ready; (c) Ellijay bank acted with proper authority from the trustee, Dr. Fernandez, when it redeemed two certificates of deposit held by the plans, by preparing cashier's checks payable to Ellijay Medical Center, P.C.; (d) Mr. Longino was acting as an agent for Dr. Fernandez when he requested the certificates of deposit be redeemed and that Ellijay bank issue the cashier's check; (e) at the time Ellijay bank issued the cashier's checks there was a distribution from the plans, so that the anti-alienation provisions of the Employee Retirement Income Security Act (ERISA) ceased to afford any protection to the funds; and (f) no demand for the funds of the plans was made of Ellijay bank by defendant Fernandez between the time the cashier's checks were issued and the time the lien of Dahlonega bank attached, and accordingly, Ellijay bank did not wrongfully withhold the checks. The Ellijay Medical Center, P.C., was dismissed from the action. Additionally, Judge Story dismissed all remaining parties to the action except Dahlonega bank, and transferred the remaining claim of Dahlonega bank based on its lien on the funds and the claim of Dr. Fernandez against the funds as participant to the Gilmer County Superior Court, after finding that all these claims arose out of transactions which are the subject of the security suit pending in the Gilmer County Superior Court and initiated prior to the filing of the interpleader action. Appellee contends this transfer action was taken so that the Gilmer County Superior Court could determine whether Dr. Fernandez was entitled to any set-off as a result of his claims in the security case. Prior to transferring the case Judge Story ordered that the proceeds of the cashier's checks, with the exception of amounts owed to beneficiaries of the plans other than Dr. Fernandez (as to which Dahlonega bank had waived any claim), be held in an account at Dean Witter pending further court order as to fund distribution.

In March 1992, the plans filed notice of appeal of Judge Story's order with the Supreme Court of Georgia. On March 27, 1992, Dr. Fernandez and his wife filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court. On June 4, 1992, the Supreme Court of Georgia dismissed the plans' appeal without prejudice to refile upon lifting of the bankruptcy stay. On January 8, 1993, while the bankruptcy proceedings were pending, the plans filed two adversary proceedings in bankruptcy court asserting various claims against Dahlonega bank and Ellijay bank; all these claims were based on the facts as asserted and considered in the interpleader action in Lumpkin County Superior Court. On June 30, 1993, the bankruptcy court entered an order abstaining from hearing the two adversary proceedings.

On April 7, 1993, the Chapter 7 Trustee for debtors Dr. Fernandez and his wife entered a general release pursuant to an order of the bankruptcy court approving the trustee's motion to settle and compromise the claim of Dahlonega bank; on July 23, 1993, the Chapter 7 Trustee for debtor Ellijay Medical Center, P.C., entered a general release for the same purposes. On November 10, 1993, the United States Bankruptcy Court entered an order approving the filed proof of claim of Dahlonega bank which acknowledged, inter alia, the lien of Dahlonega bank to the funds then held by Dean Witter and setting forth the indebtedness of Dr. Fernandez to Dahlonega bank in a specified amount.

On January 8, 1993, Dr. Fernandez filed an action in the United States District Court for the Northern District of Georgia asserting, inter alia, that Judge Story lacked jurisdiction to determine if the funds had been distributed out of the plans and requesting the court to determine the interpleader claims. On September 16, 1993, the District Court dismissed this action. The plans subsequently withdrew their appeal to this ruling and the matter was dismissed in the Eleventh Circuit, United States Court of Appeals.

On April 22, 1993, Dr. Fernandez, as trustee of the plans, refiled the appeal of Judge Story's order in the Supreme Court of Georgia. The Supreme Court affirmed the order without opinion on November 1, 1993, and forwarded remittitur to the Superior Court of Gilmer County. On March 15, 1994, the Superior Court of Gilmer County entered its order regarding summary judgment, judgment on remittitur, and to disburse funds. In this order, the superior court concluded that (a) Dahlonega bank has a valid and perfected lien to the funds held by Dean Witter, (b) no party has a claim thereto superior to that of Dahlonega bank, and (c) Dahlonega bank is entitled to the funds and income thereof held at Dean Witter up to the full amount of its lien, but less certain funds and income to which Dahlonega bank had waived imposition of its lien (amounts held on behalf of persons other

than Dr. Fernandez). The superior court ordered, inter alia, that Dahlonega bank's motion for summary judgment be granted, the order granting Dahlonega bank's motion for summary judgment in the securities cases be reaffirmed, and that Dr. Fernandez' motion for summary judgment (filed as trustee and in his individual capacity as a participant) be denied. The order also identified the amount of Dahlonega bank's lien, identified those funds subject to Dahlonega bank's waiver of lien, and directed disbursement of a stated amount of the fund held by Dean Witter to Dahlonega bank. Appellants appeal, enumerating ten errors. *Held*:

1. Appellee Dahlonega bank's motion to dismiss appeal is denied; in the interest of judicial economy, we will dispose of this appeal on the merits.

2. The transfer of this appeal to the Court of Appeals by the Supreme Court is tantamount to a ruling eliminating and resolving any equitable and injunctive issues which lie only within the jurisdiction of that court to determine. *Ryles v. First Oglethorpe Co.*, 213 Ga. App. 327, 330 (2) (444 SE2d 578).

3. In his order, Judge Story made certain factual determinations with regard to the merits of the claims of the parties to the interpled funds; his order, which included perforce the factual determinations therein made, was affirmed without opinion by the Supreme Court. We agree with appellee that under the circumstances of this case those matters therein put in issue and determined by Judge Story are res judicata; the determinations made in Judge Story's order thus are conclusive between the parties and their privies. OCGA § 9-12-40; cf. *Rushing v. Sikes*, 175 Ga. 124 (1) (165 SE 89). *Gunby v. Harper*, 216 Ga. 94 (114 SE2d 856), which involved the mere overruling of a general demurrer, is distinguishable, and appellants' reliance thereon is misplaced.

Accordingly, both the determination that Fernandez effected a consensual distribution of his portion of the funds in the plans and the determination that, upon issuance of the cashier's checks, the plans' assets were then limited to the funds which the lower court released to the trustee (and to which Dahlonega bank had waived any lien claim) were res judicata. Dr. Fernandez, in the legal capacity of trustee of the plans, was without authority over or fiduciary responsibility for those monies placed in the interpled funds; the interpled funds were no longer a part of the plans — it having been determined by Judge Story's order, and being res judicata, that the monies in the interpled funds had been distributed from the plans and were no longer protected by the anti-alienation provisions of ERISA, 29 USC 1101 et seq. Cf. *Joseph v. New Orleans Elec. Pension &c. Plan*, 754 F2d 628 (5th Cir.), cert. den., 474 U. S. 1006 (106 SC 526, 88 LE2d 458). We also independently find that once the certified checks were

issued, pursuant to the order of Dr. Fernandez's agent who was then acting within the scope of his authority, the funds of the plan were as a matter of law actually distributed and received by Dr. Fernandez, although said funds were not within his actual physical possession at the time Dahlonega bank tendered its claim of lien to Ellijay bank. See OCGA § 11-3-411 (1); *Harris v. Hill*, 129 Ga. App. 403, 406 (1) (199 SE2d 847) (cashier's check is a bill of exchange and is accepted in advance by the act of its issuance). Likewise, Dr. Fernandez cannot in his individual capacity recover the funds based on an ERISA claim. Once ERISA plan benefits have been actually distributed, particularly where actual acceptance is, as in this case, presumed as a matter of law (OCGA § 11-3-411 (1)), the participant(s) or former participant(s) cannot maintain a suit, grounded on an ERISA claim, to recover the distributed funds. Compare *Kuntz v. Reese*, 785 F2d 1410, 1411 (1) (9th Cir.) with *NCNB Financial Svcs. v. Shumate*, 829 FSupp. 178, 180 (1) (W.D. Va.); cf. *Simmons v. Southern Bell &c. Co.*, 940 F2d 614 (1, 2) (11th Cir.); *Joseph v. New Orleans Elec. Pension &c. Plan*, supra; *Tenneco, Inc. v. First Virginia Bank &c.*, 698 F2d 688 (4th Cir.); *Lowe v. Telesat Cablevision*, 837 FSupp. 410 (1) (M.D. Fla.).

4. Appellant contends that in addition to claims grounded on ERISA, he has asserted a state law claim of money had and received and also a state law claim based on a purchase money resulting trust. Pretermitting whether any such claims grounded on state law would be preempted by ERISA is whether appellant can assert such claims in this case.

(a) "A resulting trust is based on the presumed intention of the parties . . . it is the burden of the party claiming to be the beneficiary of a resulting trust to prove its existence by clear and convincing evidence." (Citations omitted.) *Lee v. Lee*, 260 Ga. 356, 357 (2) (392 SE2d 870). The record fails to support appellant's claim of resulting trust or even to provide any genuine issue of material fact thereof.

(b) Additionally, by conduct, appellant has waived any state law claims of any type which are directly or indirectly based on a contention that the subject money from the plans was improperly disbursed and subsequently distributed to Dahlonega bank. Dr. Fernandez directed his agent, Mr. Longino, to cause Ellijay bank to disburse the funds money by bank checks. Ellijay bank, in reliance on this order, complied and issued certified checks. Dahlonega bank, in reliance on the issuance of the cashier's checks thereby disbursing the funds from the account, asserted their claim of lien to those monies pertaining to Dr. Fernandez. Appellant by his conduct waived any state law claims based in whole or in part on the contention that the funds at issue had not been legitimately distributed from the ERISA plans either to the Ellijay Medical Center or to Dr. Fernandez individually, or that

Dahlonega bank had asserted its valid lien against any funds which had not been so distributed. See generally *Johnson v. Rogers*, 214 Ga. App. 557, 560 (5) (448 SE2d 710) and cases cited therein.

(c) The dissent makes numerous assumptions in support of the conclusions therein reached. In doing so, it appears the dissent has failed to apply the well-established appellate rule that: "On appeal, it is not the function of the appellate court to weigh the evidence, but to look instead to the trial record." *Jones v. City of Atlanta*, 257 Ga. 727, 729 (363 SE2d 254).

We are compelled to disagree strongly with the statement in the dissent that Judge Story did not make a decision that Dr. Fernandez had a claim against the fund as a participant and Dahlonega bank had a claim against the funds based on its lien.

In his order Judge Story expressly states: "The court *finds* that Dr. Fernandez has a claim against the funds as the participant. The Bank of Dahlonega has a claim against the funds based on its lien." This language on its face reflects that the court was making a formal finding.

We also disagree with the dissent's inherent conclusion that neither Judge Story's order nor the bankruptcy proceedings preclude consideration of the state law claims. By offering without opinion and refusing motion for reconsideration, everything in Judge Story's order becomes res judicata. See *Kellos v. Parker-Sharpe*, 245 Ga. 130 (263 SE2d 138); *State v. Slater*, 214 Ga. App. 119, 120 (446 SE2d 771); *Stirling v. State*, 199 Ga. App. 877 (406 SE2d 282); *Liner v. North*, 194 Ga. App. 175, 178 (390 SE2d 263).

We further disagree with the dissent's reasoning as to the bankruptcy court. Mr. Nasuti who served as trustee, said in his affidavit he would not assert the rights reserved to him as trustee because the funds were subject to a state court lien in favor of Dahlonega bank because the net result would pay the vast majority of them to Dahlonega bank on its *allowed* claim.

Moreover, the bankruptcy court approved Dahlonega bank's claim in the amount of $1,336,735.15 excluding Ellijay bank's claim and Ellijay bank's claim for $680,000 excluding Dahlonega bank's claim.

Once a claim has been approved by the bankruptcy court, it verifies and establishes that the party whose claim is approved has a lien but the bankruptcy court does nothing further toward collecting the lien.

Finally, while the dissent does not agree with our application of the "waiver" doctrine to achieve a just disposition of this matter, no precedent is cited in defense of its position. Dr. Fernandez set in motion by his conduct the disbursement of these funds by his agent, who was acting under Dr. Fernandez's authority; Dr. Fernandez having

caused the funds to be distributed cannot now profit from the effect of his own manipulative business strategy.

Appellant's enumerations of error and various contentions in support thereof are without merit.

*Judgment affirmed. Beasley, C. J., Andrews, Johnson, Blackburn and Ruffin, JJ., concur. McMurray, P. J., Pope, P. J., and Smith, J., dissent.*

SMITH, Judge, dissenting.

In my view, the trial court erroneously granted summary judgment in favor of the Bank of Dahlonega. I do not agree with the majority that either Judge Story's order or the bankruptcy settlement precluded consideration of the various state law claims asserted by Fernandez against the funds; that none of the claims is meritorious; or that they were waived.

1. (a) I certainly agree that the issues decided in Judge Story's order are res judicata. Unlike the majority, however, I find no factual determinations in Judge Story's order regarding the merits of the competing claims. Judge Story made a determination that ERISA no longer afforded protection to the funds once the cashier's checks were issued because a "distribution" had been effected. I agree that the principle of res judicata compels acceptance of that determination.[1]

In his order in the interpleader action, Judge Story decided that "Dr. Fernandez has a claim against the funds as the participant. The Bank of Dahlonega has a claim against the funds based on its lien." That does not appear to me to be a decision, having res judicata effect, resolving the warring claims to the funds under state law. Judge Story's order appears to be simply a determination that the Ellijay bank did no wrong because it did as instructed, and that determination of the remaining dispute — the competing claims to the funds — should proceed in the Gilmer County action. As such, the principle set forth in *Gunby v. Harper*, 216 Ga. 94 (114 SE2d 856) (1960) is applicable despite the fact that *Gunby* involved the overruling of a demurrer, as the majority correctly points out. That is, Judge Story's order " 'merely determine[d] the right of the stakeholder to maintain [its interpleader] petition, and [did] not establish the superiority of [one or] the other claim as the law of the case.' [Cit.]" Id. at 97.

(b) Neither did the bankruptcy court decide this question. At the time of the bankruptcy settlements, the trustees in bankruptcy did not know whether the interpled funds would be the property of either bankruptcy estate; no court had as yet ruled in the interpleader action. The bankruptcy stay was, in fact, lifted specifically so that the

---

[1] I express no opinion regarding the merits of this determination. However, even if it was correct, the distribution was made to the P.C., not to Dr. Fernandez.

interpleader litigation could continue. Moreover, the bankruptcy releases, executed in the context of the settlements, released only the claims of Fernandez against the Dahlonega bank (presumably those arising from the allegations of securities fraud). As discussed infra, the claim involved in this case is not Dr. Fernandez's claim against the Dahlonega bank but the pension plans' claim to the interpled funds.

2. Since I believe neither Judge Story's order nor the bankruptcy proceedings precludes consideration of the state law claims, I turn to the merits of those claims.

First, the U.C.C. claim, in my view, is meritorious. The cashier's checks that are the interpled funds were issued in the name of the P.C. The Dahlonega bank admits they became assets of the P.C. The P.C., however, did not purchase the checks for value; the checks represent funds that belonged to the pension plans, rather than to the P.C. They became assets of the P.C. only because of Longino's mistaken instructions to the Ellijay bank. As a result, although the Ellijay bank was blameless because it followed Longino's instructions, the P.C. was never a holder in due course. OCGA § 11-3-302. Although the Dahlonega bank may have had a lien on those funds by virtue of the guaranty, it could satisfy that lien by taking only whatever interest the P.C. had in the checks, subject to the valid claims of any person and the defenses available to any party in a contract action, such as mistake of fact. OCGA § 11-3-306 (a), (b). Such a defense is available here.

Second, I cannot agree that the record fails to support Dr. Fernandez's claim under state law of resulting trust. Because of the unique facts in this case, I believe the funds were impressed with an implied trust for the benefit of the pension funds. This implied trust could be either a resulting trust or a constructive trust, as it fits the circumstances described in both OCGA § 53-12-92 (a) and OCGA § 53-12-93 (a). The record amply supports this allegation. The affidavits of the office manager of the P.C. and a principal in the firm that had responsibility for administering the retirement plan show there was no intent to make a distribution; the intent was to transfer the funds and keep them in the plans. Although some of the content of these affidavits is hearsay, it is also part of the res gestae in this case; it is therefore admissible. OCGA § 24-3-3; see *Stouffer Corp. v. Henkel*, 170 Ga. App. 383, 385 (1) (317 SE2d 222) (1984). Compare *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 65 (2) (a), 66 (2) (c) (397 SE2d 576) (1990).

3. Finally, I do not agree with the majority that any of these state law claims were waived by Dr. Fernandez through his conduct. Because the majority does not specify the conduct relied upon to reach this conclusion, it is difficult to rebut. But, assuming the conduct is

that of Longino in instructing the Ellijay bank incorrectly, it does not indicate waiver; together with the affidavits discussed supra in Division 2, it forms part of the rationale for concluding that the state law claims are meritorious. A mistake was made that resulted in the P.C. acquiring legal title to funds to which it was not entitled. The funds belong to the pension fund. Although the Dahlonega bank may have a lien on assets of the P.C., it may not satisfy that lien by attaching funds to which the P.C. has no entitlement.

I would reverse the trial court's grant of summary judgment to the bank.

I am authorized to state that Presiding Judge McMurray and Presiding Judge Pope join in this dissent.

DECIDED JUNE 13, 1995 —
RECONSIDERATION DENIED JULY 10, 1995 — 

*Stewart, Melvin & Frost, J. Douglas Stewart, Steven A. Cornelison,* for appellants.

*Peterson, Dillard, Young, Self & Asselin, Susan W. Housen, J. Douglas Parks, Mazursky & Hiner, E. Lindsay Hiner, Thomas P. Stamps,* for appellee.