638 So.2d 1186 (1994)
Trula Dupuy MINVIELLE, Individually and as Executrix of the Succession of Lovelace J. Dupuy, Jr., Kenneth P. Dupuy, Ronnie Paul Dupuy and Shelia Ann Dupuy Moore
v.
Mary Nobby Thibodeaux DUPUY.
No. 93 CA 1835.
Court of Appeal of Louisiana, First Circuit.
June 24, 1994.
*1187 Charles M. Mayer, New Orleans, for plaintiffs/appellees.
William S. Bordelon, Houma, for defendant/appellant.
Before LOTTINGER, C.J., and CRAIN and LEBLANC, JJ.
LEBLANC, Judge.
This appeal is from a judgment in favor of plaintiffs-appellees, Trula Dupuy Minvielle, individually and as executrix of the Succession of Lovelace J. Dupuy, Jr., Kenneth P. Dupuy, Ronnie Paul Dupuy, and Sheila Ann Dupuy Moore, against defendant-appellant, Mary Nobby Thibodeaux Dupuy, in the sum of $35,807.29, plus interest, from the date of judicial demand. For the following reasons, we reverse.

FACTS
Defendant and Lovelace J. Dupuy, Jr. were married, and during the marriage, Mr. Dupuy maintained an Individual Retirement Account (I.R.A.) with Merrill Lynch, Pierce, Fenner & Smith, Inc. Defendant and Mr. Dupuy divorced on March 13, 1991. A Consent Judgment partitioning the community was signed on February 26, 1992.
According to the judgment, defendant received the former matrimonial domicile, all movables in her possession, and the sum of $40,483.79 from the funds held by Merrill Lynch, to be transferred into a separate I.R.A. under the name of Mary Nobby Thibodeaux Dupuy. The balance of the funds in the original I.R.A., $67,483.78, remained in Mr. Dupuy's I.R.A. Both during the marriage and after the divorce, Mr. Dupuy's I.R.A. listed the beneficiaries on the beneficiary designation form as follows:
Name of Beneficiary(ies):
Name(s) and Address(es) of Beneficiary(ies) Designated:
Name: Nobby T. DupuyWife

Address: 216 Elizabeth St.

City: Houma State: La Zip: 70364

Name: Kenneth Paul Dupuy

Address: 601 N. Carralton

City: New Orleans State: La Zip: 70119

Contribution Information: Please explain fully
½ of my total account to my wife
½ of my account to my 4 childrenKennethRonnie
Shelia & Trula
Mr. Dupuy committed suicide on February 27, 1992. Merrill Lynch divided the funds in Mr. Dupuy's account according to the consent judgment and distributed $40,483.79 of the funds to defendant. Merrill Lynch also informed plaintiffs of its intent to distribute the funds remaining in Mr. Dupuy's account in accordance with the beneficiary designations: ½ to defendant; ½ to the four children of Mr. Dupuy.
The children obtained a Temporary Restraining Order and filed a motion for Preliminary Writ of Injunction. After a hearing, the Temporary Restraining Order was lifted, the writ was denied, and Merrill Lynch was ordered to disburse the funds as per the beneficiary designation. The judgment further decreed that "this Judgment does not constitute a ruling on the merits of the claims for ownership or right to the disputed funds."
The children of Mr. Dupuy then sued for return of the funds distributed to defendant. After both parties submitted the matter on brief, it was taken under advisement. The trial court found in favor of plaintiffs, the children of Mr. Dupuy. The court's Reasons for Judgment state:
While the law is clear on the issue of paying beneficiary designations of I.R.A.s and counsel cites numerous statutes that deal with this subject, the Court must take *1188 into account the specific circumstances surrounding this matter.
. . . . .
First of all, this Court cannot believe that either party was considering the terms of the designation at the time this occurred, Mary Nobby Thibodeaux Dupuy could not conceivably have known that Mr. Dupuy was going to commit suicide the day following the signing of the community property settlement, and therefore would be subject to the original terms of the designation. Mr. Dupuy did not have the time to make the necessary changes before his demise.
It is this Court's opinion that it was Mr. Dupuy's intent for his ex-wife to receive the amount specified in the community property settlement, an agreement entered into one day prior to his death. He had advice from counsel on the effect of this agreement. Further evidence which can be drawn to Mr. Dupuy's intent on how the I.R.A. be distributed, is the terminology used in the I.R.A. designation; that it be distributed to his wife, Mary Nobby Thibodeaux Dupuy. At the time of his death, Mr. Dupuy had no wife. Any conclusion other than that Mr. Dupuy wanted his ex-wife to have any sum other than the $40,483.79 would constitute an unequitable result. Mary Nobby Thibodeaux Dupuy should not be allowed to benefit so richly due to the untimely death of her ex-husband.
From this judgment, Mary Nobby Thibodeaux Dupuy appeals, assigning as error the trial court's failure to award the funds pursuant to the beneficiary designation, in accordance with La.R.S. 9:2449.

LAW AND DISCUSSION
La.R.S. 9:2449 provides:
A. Any benefits payable by reason of death from an individual retirement account established in accordance with the provisions of 26 U.S.C. 408, as amended, shall be paid as provided in the individual retirement account agreement to the designated beneficiary of the account. Such payment shall be a valid and sufficient release and discharge of the account holder for the payment or delivery so made and shall relieve the trustee, custodian, insurance company or other account fiduciary from all adverse claims thereto by a person claiming as a surviving or former spouse or a successor to such a spouse.
B. No account holder paying a beneficiary in accordance with this Section shall be liable to the estate or any heir of the decedent nor shall the account holder be liable for any estate, inheritance, or succession taxes which may be due the state.
C. The provisions of this Section shall apply notwithstanding the fact the decedent designates a beneficiary by last will and testament.
Louisiana law has mandated that benefits of I.R.A.s be paid to the designated beneficiary according to the account agreement. This statutory language clearly provides for the payment to be made according to the account agreement. Merrill Lynch was bound by the agreement it made with Mr. Dupuy to distribute the funds in his account according to his instructions.
Plaintiffs argue that even though Merrill Lynch was mandated to distribute the funds according to the agreement, ownership of the funds was not determined by the agreement. We do not agree. Courts of this state have discussed the ownership of benefits issue before. In T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834, 854 (La.1975), (on rehearing) (1976), the court proclaimed:
[S]o long as the constractual [sic] devolution of the decedent's interest to the beneficiary does not infringe upon the legitime of a complaining forced heir nor upon the community ownership of a complaining spouse, no prohibition of law prevents the courts from recognizing the contractual rights of the beneficiary to the ownership of the proceeds (so acquired by reason of the contract between the deceased employee, his employer, and the respective plans).
The court went on to state in T.L. James, 332 So.2d at 855:
*1189 Implicit, if not explicit, by this provision [La.R.S. 47:2404C [1]] is legislative recognition of the concept that the contractual beneficiary acquires an ownership right to the proceeds by virtue of the contract....
Benefits from an I.R.A. are owned by the named beneficiary; and, in the instant case, in which there were no claims for reimbursement, accounting, or impingement on the legitime, pass directly to Mary Nobby Thibodeaux Dupuy in full ownership.
In addition, the trial court's discussion and supposition of Mr. Dupuy's intent is unjustified, as the words of the contract are not doubtful. See, La.C.C. art. 2053. Mr. Dupuy contracted with Merrill Lynch to distribute, upon the occasion of his death, one-half of all of the funds in his I.R.A. to Mary Nobby Thibodeaux Dupuy. The language of the agreement is clear and the identity of the beneficiary is definite.
Furthermore, the trial court's reliance on the status designation, "Wife," is incorrect. Misnomer of the person named as beneficiary does not defeat his designation if the identity of the person is clear. 46A C.J.S. Insurance § 1415 (1993). The improper or incorrect designation does not affect defendant's right to the benefits, since it is the individual named as beneficiary and not the description of her relationship to the deceased which controls. See, Matthews v. Grand Grove of Louisiana, U.A.O.D., 177 So. 597, 599 (Orleans 1937).

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is hereby reversed, and judgment is hereby rendered in favor of defendant, Mary Nobby Thibodeaux Dupuy, and against plaintiffs, Trula Dupuy Minvielle, individually and as executrix of the Succession of Lovelace J. Dupuy, Jr., Kenneth P. Dupuy, Ronnie Paul Dupuy, and Shelia Ann Dupuy Moore, dismissing plaintiffs' demands. All costs of this appeal to be paid by plaintiffs.
REVERSED AND RENDERED.
CRAIN, J., concurs and assigns reasons.
CRAIN, Judge, concurs:
I am convinced that the result reached here is legally correct. Under T.L. James and Company, Inc. v. Montgomery, 332 So.2d 834 (La.1975), the contractual devolution of the proceeds to the named beneficiary is not subject to attack unless: 1) there is infringement upon the legitime of a complaining forced heir or 2) there is infringement upon the ownership of a complaining spouse. See also, Succession of Egan, 543 So.2d 940 (La.App. 5th Cir.1989). Here there is no forced heirship infringement and the spouse that would have a complaint is deceased.
On the other hand, there is no question that the beneficiary surviving former spouse settled the community property the day before the death of the owner of the IRA, and received in that settlement all that she was legally entitled to receive, or was intended to receive from the IRA. It appears that under these limited circumstances it would be equitable to consider the consent judgment in distributing the proceeds of the IRA as between the former spouse and the forced heirs. This could be accomplished by allowing the forced heirs to complain on behalf of the deceased spouse of an infringement on his ownership.
I concur.
NOTES
[1] La.R.S. 47:2404 C deals with the exemption from state inheritance tax of proceeds payable to a beneficiary of "any retirement or pension plan, trust, system or policy".