**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED APRIL 26, 2006

MARILYN VIRGINIA SWEEBE,

    Plaintiff-Appellant,

v

No. 126913

HERBERT ORVILLE SWEEBE,

    Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

CAVANAGH, J.

The issue in this case is whether the preemption provision of the Employee Retirement Income Security Act (ERISA), 29 USC 1001 *et seq*., precludes a named beneficiary from waiving the proceeds from a life insurance policy. We hold that it does not. While a plan administrator is required by ERISA to distribute plan proceeds to the named beneficiary, the named beneficiary can then be found to have waived the right to retain those proceeds. In this case, the Court of Appeals correctly held that plaintiff waived her right to retain the proceeds. Accordingly, we affirm the Court of Appeals order that directs plaintiff to pay an amount equal to the insurance proceeds to the decedent's estate.

## FACTS AND PROCEEDINGS

Plaintiff Marilyn V. Mason (formerly Marilyn V. Sweebe) and the decedent, Herbert O. Sweebe, were divorced in 1986. At the time, they agreed to give up any interest either had in any insurance contract or policy of the other. They memorialized this in their judgment of divorce as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that any interest which either of the parties may now have or may have had in any insurance contract or policy, and any other interest in any insurance contract or policy of the other party, shall be extinguished, and that the parties shall in the future hold all such insurance free and clear from any right or interest which the other party now has or may have had therein, by virtue of being the beneficiary, contingent beneficiary or otherwise.

The decedent had a life insurance policy provided by his employer. The decedent had designated plaintiff as the beneficiary of the life insurance policy in 1963, and he never changed this designation after his divorce from plaintiff. Therefore, when the decedent died in 2001, the insurance plan administrator paid the plan proceeds to plaintiff because she was listed as the named beneficiary.

The decedent's surviving spouse, defendant Gail Sweebe, was appointed personal representative of his estate. Acting on behalf of the estate, she filed a motion to enforce the waiver in the judgment of divorce. The circuit court denied the motion because it held that ERISA preempted the waiver.

On application for leave to appeal, the Court of Appeals reversed the order of the circuit court in a peremptory order and remanded for entry of an order directing plaintiff to pay the decedent's estate an amount equal to the insurance

2

proceeds. *Sweebe v Sweebe*, unpublished order of the Court of Appeals, entered July 19, 2004 (Docket No. 253520). The Court held that plaintiff could not retain the life insurance proceeds because she expressly waived any entitlement to the proceeds in the consent divorce judgment. Plaintiff applied for leave to appeal, which this Court granted. *Sweebe v Sweebe Estate*, 472 Mich 881 (2005).

## STANDARD OF REVIEW

The proper interpretation of a statutory provision is a question of law that this Court reviews de novo. *Lincoln v Gen Motors Corp*, 461 Mich 483, 489-490; 607 NW2d 73 (2000). Likewise, contract interpretation is also a question of law reviewed de novo. *Sands Appliance Services, Inc v Wilson*, 463 Mich 231, 238; 615 NW2d 241 (2000). Waiver is a mixed question of law and fact. *Klas v Pearce Hardware & Furniture Co*, 202 Mich 334, 339; 168 NW 425 (1918). The definition of a waiver is a question of law, but whether the facts of a particular case constitute a waiver is a question of fact. *Id*. A trial court's findings of fact are reviewed for clear error. *Sands, supra* at 238.

## ANALYSIS

The life insurance policy at issue in this case is an employee benefit plan governed by ERISA. 29 USC 1003(a). In general, ERISA's preemption provision states that ERISA supersedes all state laws that relate to an employee benefit plan.

3

29 USC 1144(a).[1] Therefore, under ERISA preemption, Michigan law cannot affect ERISA's determination of the proper beneficiary. ERISA provides that a plan administrator must distribute the proceeds of an insurance policy to the named beneficiary. 29 USC 1104(a)(1)(D). A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 USC 1002(8). In this case, the named beneficiary was plaintiff. Under ERISA, plaintiff is entitled to receive the insurance proceeds because the decedent designated her as the beneficiary. Consistent with ERISA, this Court cannot undermine her status as the beneficiary. Therefore, the plan administrator properly distributed the proceeds from the life insurance policy to plaintiff in accord with ERISA requirements.

Because the plan administrator distributed the proceeds to plaintiff, the named beneficiary, as required by ERISA, we find that the issue in this case solely involves waiver and not ERISA preemption. Plainly, the issue is whether plaintiff, having lawfully renounced her interest in the insurance proceeds in a binding judgment of divorce, may lawfully retain them. This issue is governed exclusively by Michigan law because the proceeds have been properly distributed under ERISA.

---

[1] In relevant part, the preemption provision states that "the provisions of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."

A recent case decided by this Court—*State Treasurer v Abbott*, 468 Mich 143; 660 NW2d 714 (2003)—also dealt with ERISA. While *Abbott* dealt with pension benefits and ERISA's antialienation provision, the principle espoused by this Court was that the *Abbott* defendant's pension plan proceeds were no longer protected by ERISA after they had been paid by the plan administrator.[2] Similarly, today's decision does not invade the purview of ERISA because the plan administrator is still only required to do that which ERISA explicitly directs the administrator to do—distribute the proceeds to the named beneficiary. Accordingly, while a plan administrator must pay benefits to the named beneficiary as required by ERISA, this does not mean that the named beneficiary cannot waive her interest in retaining these proceeds. Once the proceeds are distributed, the consensual terms of a prior contractual agreement may prevent the named beneficiary from retaining those proceeds.

A number of courts have also addressed this issue and have similarly held that ERISA does not preempt a waiver by a beneficiary. See, e.g., *Melton v Melton*, 324 F3d 941, 945 (CA 7, 2003); *Clift v Clift*, 210 F3d 268, 270 (CA 5, 2000); *Altobelli Estate v Int'l Business Machines Corp*, 77 F3d 78, 79 (CA 4, 1996); *Mohamed v Kerr*, 53 F3d 911, 916 (CA 8, 1995); *Fox Valley & Vicinity*

---

[2] While members of this Court, myself included, disagreed with the majority's analysis in *Abbott*, the general proposition that ERISA is not implicated once a plan administrator distributes the proceeds from a plan to the beneficiary is one that I do not dispute.

5

*Constr Workers Pension Fund v Brown*, 897 F2d 275, 280, 281 (CA 7, 1990). While the United States Court of Appeals for the Sixth Circuit has held to the contrary in *Metro Life Ins Co v Pressley*, 82 F3d 126, 130 (CA 6, 1996), and *McMillan v Parrott*, 913 F2d 310, 312 (CA 6, 1990), the plan administrators in those cases had not yet paid the proceeds to the named beneficiaries, contrary to the situation in this case.

Our decision today holding that a valid waiver is not preempted by ERISA and should be enforced is consistent with numerous past decisions by this Court recognizing that parties have a broad freedom to contract. See, e.g., *Grosse Pointe Park v Michigan Muni Liability & Prop Pool*, 473 Mich 188, 200; 702 NW2d 106 (2005); *Fresard v Michigan Millers Mut Ins Co*, 414 Mich 686, 694; 327 NW2d 286 (1982). This Court has long held that "[w]aiver is the intentional relinquishment of a known right." *Bailey v Jones*, 243 Mich 159, 162; 219 NW 629 (1928); see also *Quality Products & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 372; 666 NW2d 251 (2003). It is also well-settled that a waiver may be shown by express declarations or by declarations that manifest the parties' intent and purpose. *Klas*, *supra* at 334.

Consistent with other courts that have reviewed this issue and with general contract interpretation principles, a court must examine the language of the waiver provision to determine the intent of the parties and if there was a valid waiver of the rights in question. See *Rasheed v Chrysler Corp*, 445 Mich 109, 127 n 28; 517 NW2d 19 (1994); *Silber v Silber*, 99 NY2d 395, 404-405; 786 NE2d 1263 (2003);

6

*Manning v Hayes*, 212 F3d 866, 874 (CA 5, 2000). There is no magic language that must be included to effectively waive a person's interest in plan proceeds. Rather, courts that have examined what constitutes a waiver have consistently stated that a waiver must simply be explicit, voluntary, and made in good faith. See, e.g., *Melton*, *supra* at 945; *Clift*, *supra* at 271.

In the context of this case, "explicit" means that the divorce decree is not completely silent on the issue of insurance proceeds. *Clift*, *supra* at 271. However, there are no specific words that must be included. In determining if a waiver exists, a court must determine if "a reasonable person would have understood that she was waiving her beneficiary interest in the life insurance policy at issue." *Id*. at 271-272.

In this case, plaintiff signed a provision in her judgment of divorce in which she extinguished any interest she had or may have had in any insurance contract or policy of the decedent.[3] The provision she signed stated "that any interest which either of the parties may now have or may have had in any *insurance* contract or policy, and any other interest in any *insurance* contract or policy of the other party, shall be *extinguished* . . . ." (Emphasis added.) It also stated that "the parties shall in the *future* hold all such insurance free and clear from any right or interest which the other party now has or may have had therein, by virtue of being

---

[3] The provision in the judgment of divorce in this case is a waiver of rights, but it does not meet the requirements of a qualified domestic relations order. See 29 USC 1056(d)(3)(B)(i) and (ii).

the beneficiary, contingent beneficiary or otherwise." (Emphasis added.) Our review of this provision indicates that plaintiff clearly and unequivocally waived her right to the plan proceeds. Plaintiff and the decedent freely reached an agreement about how to divide property and insurance proceeds. Therefore, plaintiff consented to the waiver of her right to receive proceeds from the decedent's insurance plan. Under Michigan law, plaintiff validly waived the right to retain the proceeds under the binding judgment of divorce.

Today's decision is not in conflict with the United States Supreme Court's decision in *Egelhoff v Egelhoff*, 532 US 141; 121 S Ct 1322; 149 L Ed 2d 264 (2001). In *Egelhoff*, the Court addressed a mandatory state statute that automatically revoked named beneficiaries upon divorce. The statute governed the distribution of benefits in all applicable cases, requiring plan administrators to administer plans in accord with differing state requirements. The statute clearly invaded an area that is covered by ERISA.

In contrast, the beneficiary in this case was not determined by a state statute. Plaintiff and the decedent each freely contracted to waive any interest in insurance proceeds from the other's plans. There is no invasion into the requirements of ERISA because the plan administrator distributed the proceeds to the named beneficiary, as required by ERISA. However, after the plan administrator distributed the proceeds as required by ERISA, a claim could then be filed against the named beneficiary alleging that she waived her right to retain the proceeds.

8

Moreover, our decision today does not conflict with the United States Supreme Court's decision in *Boggs v Boggs*, 520 US 833; 117 S Ct 1754; 138 L Ed 2d 45 (1997). The issue in *Boggs* was whether ERISA preempted a state law allowing a nonparticipant spouse to transfer by testamentary instrument an interest in proceeds from an undistributed pension plan. *Boggs* involved a conflict between ERISA pension law and state community property law, which would create a direct right in the proceeds from an ERISA plan. The case before this Court involves a life insurance policy, not pension benefits,[4] and does not conflict with ERISA because the plan administrator's responsibilities do not change. This case is simply a contractual waiver dispute between two parties.

Accordingly, we affirm the Court of Appeals order. We conclude that the benefits were properly paid to plaintiff under ERISA, but plaintiff has no legal right to retain the proceeds under the waiver provision in the judgment of divorce. Plaintiff must pay an amount equal to the insurance proceeds to the decedent's estate, which will then distribute the proceeds according to the decedent's will or the laws of intestacy. However, we also note that today's holding does not preclude anyone, including plaintiff, from asserting that there is a will or other valid expression of testamentary intent that the court should recognize, or from

---

[4] "Pension benefits support participants and beneficiaries in their retirement years, and ERISA's pension plan safeguards are designed to further this end." *Id.* at 852.

9

asserting a valid claim against the estate in the usual fashion our probate statutes and rules allow.

CONCLUSION

We hold that while a plan administrator is required by ERISA to distribute the proceeds from a plan to a named beneficiary, the named beneficiary can then be found to have waived the right to retain the distributed proceeds. In this case, plaintiff waived her right to the proceeds from the plan when she agreed to the judgment of divorce, which contained a waiver provision. Accordingly, we affirm the Court of Appeals order that requires plaintiff to pay an amount equal to the insurance proceeds to the decedent's estate.

Affirmed.

Michael F. Cavanagh
Clifford W. Taylor
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

10