McClendon, j.
 

 | pThis appeal is from a judgment in favor of a surviving spouse, recognizing her as the sole designated beneficiary to the entirety of two retirement accounts and dismissing all claims asserted by the succession of the deceased spouse to a portion of the funds in those accounts. For the reasons that follow, we affirm.
 

 
 *423
 
 FACTUAL AND PROCEDURAL HISTORY
 

 Marie Gorham and Monroe L. Gorham, Sr. were married in August 1976. No children were born of the marriage. The parties physically separated on September 27, 2003, and did not reconcile. On October 2, 2003, Mrs. Gorham filed a petition for divorce in the 21st Judicial District Court. In December 2003, the parties entered into an agreement regarding certain matters related to the divorce, including a stipulation that the community ended on October 2, 2003. A stipulated judgment was signed on December 23, 2003.
 

 On April 28, 2004, Mrs. Gorham filed a petition to partition the community property.
 
 [1]
 
 In the petition, Mrs. Gorham alleged that she and Mr. Gorham partially partitioned the community of acquets and gains by agreement executed on February 20, 2004, but were unable to partition the remaining community assets. On January 31, 2005, a second stipulated judgment was signed regarding the former community and included the following:
 

 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties acknowledge Marie H. Gorham’s entitlement to a pro-rata community interest in his Shell Pension Plan and that the parties shall endeavor to confect a Qualified Domestic Relations Order to be submitted to the plan administrator or effect a buy-out of her interest in his pension plan within sixty (60) days from the date of this Judgment.
 

 The Qualified Domestic Relations Order was never confected, the parties were never divorced, and Mr. Gorham died on June 6, 2005.
 

 Prior to his death, Mr. Gorham executed a last will and testament on April 5, 2005, naming Brittany Nicole Simon and Scott Lane Gorham, Sr., the residual legatees of his estate and further naming them co-executors of his estate and |3succession. Brittany Nicole Simon and Scott Lane Gorham, Sr., as the co-executors of the estate of Monroe L. Gorham, Sr. (the co-executors), were substituted as parties defendant on February 15, 2006.
 
 [2]
 

 Thereafter, and upon the setting of the matter for trial, the parties entered into a lengthy joint stipulation of fact. Included was the stipulation that the parties entered into a second partial settlement of community property, which divided several financial accounts and resolved all remaining issues between the parties except for claims relating to a Morgan Keegan individual retirement account (IRA) and the Shell Provident Fund.
 
 [3]
 
 The matter was submitted to the trial court on the basis of the stipulation of facts and the memoranda submitted by the parties. The trial court identified the sole issue as whether Mrs. Gorham was entitled to the ownership of the two financial accounts, or only to her proportionate share according to the formula set forth in
 
 Sims v. Sims.
 

 [4]
 

 On August 5, 2008, the trial court issued reasons for judgment. The court initially identified the operative facts set forth in the stipulation, including the facts that Mr.
 
 *424
 
 Gorham became a participant in Shell retirement plans on April 17, 1968; that the parties were married on August 26, 1976; that a petition for divorce was filed on October 2, 2003, but no judgment of divorce was rendered before Mr. Gorham’s death on June 6, 2005; that Mrs. Gorham was designated as beneficiary and/or owner of the retirement accounts and the designation was never formally changed; and that Mr. Gorham executed a will dated April 5, 2005, which named certain residuary legatees not including Mrs. Gorham, but made no changes in the ownership or beneficiary status of the retirement accounts.
 

 |4The trial court concluded that Mrs. Gorham did not make a judicial confession, as asserted by the co-executors, that the accounts were community property and therefore subject to division as a community asset. The court reasoned that the issue was one of law rather than one of fact and stated that a party cannot judicially confess that a law should be applied differently. Consequently, the trial court determined that Mrs. Gorham’s participation in a prior consent judgment that ordered that a pro-rata share of the accounts be apportioned to her in a community property settlement was not a judicial confession precluding her from her assertion that she is the owner/beneficiary of the retirement accounts.
 

 A judgment was signed on October 7, 2008, recognizing Mrs. Gorham as the sole designated beneficiary to the entirety of the Morgan Keegan IRA and to the entirety of the Shell Provident Fund and dismissing the claims asserted by the succession of Mr. Gorham. This appeal followed.
 

 DISCUSSION
 

 Initially, the co-executors assert that the trial court erred in concluding that the stipulated judgment did not amount to a judicial confession. They argue that Mrs. Gorham judicially admitted twice that she was entitled to only a pro-rata share of the Shell retirement plan. First, in her petition for partition, Mrs. Gorham admitted that she was entitled to “be recognized as the owner of a community interest in the Plans according to the formula set forth in
 
 Sims v. Sims.”
 
 She also claimed in her detailed descriptive list that the particular assets were community property. The co-executors argue that once Mrs. Gorham stipulated to the facts in the January 31, 2005 judgment, the stipulation became binding and became the law of the case.
 
 [5]
 
 The co-executors also assert that although the trial court correctly ruled that Mrs. Gorham was required to be paid insofar as she was the named beneficiary of Morgan Keegan IRA, the trial court [aerred in failing to find that Mrs. Gorham remained indebted to them for Mr. Gorham’s share of the community funds in the IRA.
 

 The Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 832, as amended, 29 U.S.C. § 1001,
 
 et seq.,
 
 was designed to ensure the proper administration of pension and welfare plans, both during the years of an employee’s active service and during his or her retirement years.
 
 Boggs v. Boggs,
 
 520 U.S. 833, 839, 117 S.Ct. 1754, 1760, 138 L.Ed.2d 45 (1997);
 
 Hannan v. Hannan,
 
 99-0842, p. 5 (La.App. 1 Cir. 5/12/00), 761 So.2d 700, 706. While ERISA generally preempts Louisiana community property law, ERISA provides an exception to that preemption where an ex-spouse has a qualified domestic relations order, or “QDRO,” establishing his or her claim to these sur
 
 *425
 
 vivor benefits.
 
 Louisiana State Employees’ Retirement System (Lasers) v. McWilliams,
 
 06-2191, 06-2204, p. 15, n. 21 (La.12/2/08), 996 So.2d 1036, 1046, n. 21 (on rehearing). A QDRO is a limited exception to the pension plan anti-alienation provision and allows courts to recognize a nonparticipant spouse’s community property interest in pension plans under specific circumstances.
 
 Boggs,
 
 520 U.S. at 839, 1 1 7 S Pt of 17M).
 
 [6]
 

 As explained by the United States Supreme Court in
 
 Boggs:
 

 A QDRO is a type of domestic relations order that creates or recognizes an alternate payee’s right to, or assigns to an alternate payee the right to, a portion of the benefits payable with respect to a participant under a plan. § 1056(d)(3)(B)(i). A domestic relations order, in turn, is any judgment, decree, or order that concerns “the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant” and is “made pursuant to a State domestic relations law (including a community property law).” § 1056(d)(3)(B)(ii). A domestic relations order must meet certain requirements to qualify as a QDRO. See §§ 1056(d)(3)(C)-(E). QDRO’s, unlike domestic relations orders in general, are exempt from both the pension plan anti-alienation provision, § 1056(d)(3)(A), and ERISA’s general pre-emption clause. § 1144(b)(7). In creating the QDRO mechanism Congress was careful to provide that the alternate payee, the “spouse, former spouse, child, or other dependent of a participant,” is to be considered a plan beneficiary, §§ 1056(d)(S)(K).
 

 Boggs,
 
 520 U.S. at 846-47, 117 S.Ct. 1763.
 

 ⅛ matt we ⅛
 
 > b
 
 trial court that the stipulated judgment did not amount to a judicial confession. A judicial confession is a party’s explicit admission of an adverse factual element and has the effect of either waiving evidence as to the subject of the admission or withdrawing the matter from issue.
 
 Cichirillo v. Avondale Industries, Inc.,
 
 04-2894, 04-2918, p. 6 (La.11/29/05), 917 So.2d 424, 429. While the record shows that Mrs. Gor-ham’s community interest in her husband’s Shell retirement accounts was acknowledged, we can find no explicit admission where she agreed to only a prorata share of the accounts.
 
 [7]
 
 Moreover, nothing in the record indicates that there was ever any discussion as to what would happen to Mr. Gorham’s interests in said accounts should he die prior to his divorce or execution of a QDRO. Consequently, we find that the statements by Mrs. Gorham were insufficiently explicit to establish a judicial confession.
 
 [8]
 
 Furthermore, the required QDRO was never perfected by the parties. The QDRO would have provided an excep
 
 *426
 
 tion to the plans’ anti-alienation provisions and ERISA’s general preemption clause.
 
 See Boggs,
 
 520 U.S. at 846-47, 117 S.Ct. at 1754. Accordingly, we find no error by the trial court in dismissing the co-executors’ claims to a portion of the funds that were in the Shell Provident Fund.
 

 With regard to the Morgan Keegan IRA, LSA-R.S. 9:2449 provides:
 

 A. Any benefits payable by reason of death from an individual retirement account established in accordance with the provisions of 26 U.S.C. 408, as amended, shall be paid as provided in the individual retirement account agreement to the designated beneficiary of the account. Such payment shall be a valid and sufficient release and discharge of the account holder for the payment or delivery so made and shall relieve the trustee, custodian, insurance company or other account fiduciary from all adverse claims thereto by a person claiming as a surviving or former spouse or a successor to such a spouse.
 

 |7B. No account holder paying a beneficiary in accordance with this Section shall be liable to the estate or any heir of the decedent nor shall the account holder be liable for any estate, inheritance, or succession taxes which may be due the state.
 

 C. The provisions of this Section shall apply notwithstanding the fact the decedent designates a beneficiary by last will and testament.
 

 Louisiana law has mandated that benefits of IRAs be paid to the designated beneficiary according to the account agreement. This statutory language clearly provides for the payment to be made according to the account agreement.
 
 Minvielle v. Dupuy,
 
 93-1835, p. 4 (La.App. 1 Cir. 6/24/94), 638 So.2d 1186, 1188,
 
 writ denied,
 
 94-1959 (La.11/4/94), 644 So.2d 1060. Further, benefits from an IRA are owned by the named beneficiary.
 
 Minvielle,
 
 93-1835 at p. 5, 638 So.2d at 1189. Again, in this matter, the parties were not divorced, and a QDRO was never confect-ed between them. Accordingly, we find no error by the trial court in dismissing the co-executors’ claims in connection with Mrs. Gorham’s receipt of the funds in the Morgan Keegan IRA.
 
 [9]
 

 CONCLUSION
 

 For the above and foregoing reasons, the judgment of the trial court in favor of Marie Gorham is affirmed. Costs of this appeal are to be paid by Brittany Nicole Simon and Scott Lane Gorham, Sr., the co-executors of the estate of Monroe L. Gor-ham, Sr.
 

 AFFIRMED.
 

 [1]
 

 . By a joint motion to consolidate, the parties asserted that the petition to partition community property was erroneously filed as a second action in the 21st Judicial District Court; the actions were consolidated on July 25, 2008.
 

 [2]
 

 . Mr. Gorham's will was probated in the 19th Judicial District Court on December 21, 2005, at which time Brittany Nicole Simon and Scott Lane Gorham, Sr. were confirmed as executors of the succession of Mr. Gorham.
 

 [4]
 

 . 358 So.2d 919 (La. 1978).
 

 [5]
 

 . We note that the January 31, 2005 stipulated judgment only addressed the Shell retirement fund and did not address the Morgan Keegan IRA.
 

 [6]
 

 .
 
 Boggs
 
 held that ERISA preempted a state law allowing a non-participant spouse to transfer by testamentary instrument an interest in undistributed pension plan benefits.
 
 Boggs,
 
 520 U.S. at 841-54, 117 S.Ct. at 1761-67.
 

 [7]
 

 . Further, (he record does not establish any explicit admissions by Mrs. Gorham regarding the Morgan Keegan IRA.
 

 [8]
 

 . In contrast, see
 
 Sweebe v. Sweebe,
 
 474 Mich. 151, 712 N.W.2d 708 (Mich.2006), cited by the co-executors, wherein the Michigan supreme court held that a prior contractual agreement prevented the named beneficiary from retaining those proceeds. However, the wife in
 
 Sweebe
 
 signed a provision in her judgment of divorce in which she extinguished any interest she had or may have had in any insurance contract or policy of the decedent. She clearly and unequivocally waived her right to the insurance plan proceeds. Such is not the case before us.
 

 [9]
 

 . There were no forced heirs or prior spouses asserting any claims to Mr. Gorham's estate. Therefore, it is unnecessary for us to address this issue.
 
 See T.L. James & Co., Inc.
 
 v.
 
 Montgomery,
 
 332 So.2d 834, 854 (La.1976) (on rehearing);
 
 Minvielle,
 
 93-1835 at p. 5, 638 So.2d at 1189.