## A10A1954. ALCORN et al. v. APPLETON.
(708 SE2d 390)

SMITH, Presiding Judge.

Tiffany Marie Alcorn, as executrix of the estate of her father Richard Alcorn, and her sister, Amy Darlene Alcorn ("the Alcorns") appeal from the superior court's grant of partial summary judgment to their father's second wife, Bonnie Ann Appleton f/k/a Bonnie Ann Alcorn ("Appleton"). The Alcorns assert that Appleton contractually waived her right to receive the proceeds of their father's 401(k) plan and life insurance plan in a settlement agreement incorporated into an order of separate maintenance entered before their father's death. The trial court ruled that the Alcorns' contractual claims are precluded because the "waiver executed in the Settlement Agreement was not ERISA compliant." For the reasons set forth below, we reverse.

The record in this case shows that the parties submitted matters outside the pleadings to the trial court that were not excluded by the trial court. We will therefore treat the trial court's order partially granting Appleton's motion to dismiss as the partial grant of summary judgment. *Thompson v. Avion Systems*, 284 Ga. 15, 16-17 (663 SE2d 236) (2008).

> On appeal from the grant of summary judgment this [c]ourt conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation and punctuation omitted.) *Cox Enterprises v. Nix*, 274 Ga. 801, 804 (2) (560 SE2d 650) (2002).

So viewed, the record shows that Richard Alcorn and Appleton entered into a settlement agreement on July 7, 2007, that provided:

> Each party shall have the right to name any person or organization they choose as beneficiary of their life insur-

ance policies. Each party waives any interest they have in the other party's life insurance proceeds, cash value, or otherwise.

The parties agree to waive and release any rights or claims they may now have to any retirement pay, benefits, or privileges earned by the other during the marriage.

The Wife hereby waives all rights to claim any interest or share in the Husband's [I]ndividual Retirement Accounts, which shall become his sole property. In the same manner, the Husband hereby waives all rights to claim any interest or share in the Wife's Individual Retirement Accounts, which shall become her sole property.

The settlement agreement was incorporated into an Order of Separate Maintenance on September 25, 2007, and Alcorn died on April 11, 2008. It is undisputed that at the time of his death, Alcorn participated in two Atlantic Southeast Airlines (ASA) sponsored ERISA benefit programs: a 401(k) plan and a life insurance plan. It is also undisputed that Alcorn did not designate a beneficiary for his 401(k) plan and that he designated Appleton as the beneficiary of his life insurance plan. Finally, the parties do not dispute that the proceeds of both of these plans were paid to Appleton in accord with the United States Supreme Court's decision in *Kennedy v. Plan Administrator &c.*, 555 U. S. 285 (129 SC 865, 172 LE2d 662) (2009).[1]

After the plan proceeds were distributed to Appleton, the Alcorns filed suit against her for breach of contract (the settlement agreement) and other claims unrelated to this appeal. In their complaint, the Alcorns assert Appleton breached the settlement agreement by pursuing the retirement and life insurance benefits of the deceased and refusing to sign a waiver of her rights to the plan benefits despite repeated requests to do so.

Appleton filed a motion to dismiss, asserting that the Alcorns failed to state a claim upon which relief could be granted because she "is the rightful beneficiary of [the deceased]'s ERISA Benefits. Thus, all claims relating to those benefits, no matter how Plaintiffs denominate them, should be dismissed." The trial court granted the motion with regard to the Alcorns' breach of contract claim. It

---

[1] In *Kennedy*, the plaintiff estate sued the ERISA plan administrator for wrongfully distributing plan proceeds to the decedent's ex-wife, who had waived her right to benefits in the divorce decree. 555 U. S. at 290 (I). The Supreme Court held that "the plan administrator did its statutory ERISA duty by paying the benefits to [decedent's ex-wife] in conformity with the plan documents." Id. at 299-300 (III). In a footnote, the Supreme Court noted that it did not "express any view as to whether the Estate could have brought an action in state or federal court against [decedent's ex-wife] to obtain the benefits after they were distributed." Id. at 300 (III), n. 10.

concluded that Appleton "was properly awarded the benefits under the ERISA plans pursuant to the plan documents inasmuch as any waiver executed in the Settlement Agreement was not ERISA compliant." The trial court relied "most notably" upon the Supreme Court's recent holding in *Kennedy*, supra, in reaching this conclusion.

On appeal, the Alcorns assert that the Supreme Court's decision in *Kennedy*, supra, does not bar their breach of contract claim against Appleton because this case presents the exact issue which the Supreme Court declined to reach in *Kennedy*, supra. They point to decisions from other jurisdictions in which courts have allowed state law claims seeking to recover funds that have already been distributed from an ERISA plan. See *Estate of Hall v. Hall*, 2009 U. S. Dist. LEXIS 79027 (E.D. Pa. 2009) (distinguishing *Kennedy* in case involving suit by estate against ex-wife after benefits distributed); *Sweebe v. Sweebe*, 474 Mich. 151, 160 (712 NW2d 708) (2006) (holding "while a plan administrator is required by ERISA to distribute the proceeds from a plan to a named beneficiary, the named beneficiary can then be found to have waived the right to retain the distributed proceeds"); *Pardee v. Pardee*, 112 P3d 308, 316 (Ok. Ct. App. 2004) (ERISA does not preempt enforcement of divorce decree regarding allocation of ERISA benefits because "pension plan funds were no longer entitled to ERISA protection once the plan funds were distributed").

We are persuaded by the reasoning of these cases and therefore reverse the trial court's partial grant of summary judgment in favor of Appleton. This result is consistent with Georgia decisions concluding that ERISA does not preempt claims against funds already distributed from an ERISA plan. See *Eickhoff v. Eickhoff*, 263 Ga. 498, 503-504 (5) (435 SE2d 914) (1993), overruled on other grounds, *Lee v. Green Land Co.*, 272 Ga. 107, 108 (527 SE2d 204) (2000). See also *Clark v. Clark*, 969 FSupp. 1319, 1323-1325 (S.D. Ga. 1997).

The Supreme Court's decision in *Boggs v. Boggs*, 520 U. S. 833 (117 SC 1754, 138 LE2d 45) (1997), does not require a different result because *Boggs* involved pre-distribution funds still in control of the plan administrator. Id. See also *Sweebe*, supra, 712 NW2d at 713 (distinguishing *Boggs*); *Pardee*, supra, 112 P3d at 313-314 (distinguishing *Boggs*). The Eleventh Circuit case relied upon by Appleton is also inapposite because it involved pre-distribution funds as well. See *Lasche v. Lasche Basic Profit Sharing Plan*, 111 F3d 863 (11th Cir. 1997).

*Judgment reversed. Mikell and Adams, JJ., concur.*

<small>DECIDED MARCH 23, 2011 —</small>

*Glaser, Currie & Bullman, Mark B. Bullman*, for appellants.
*David J. Hungeling*, for appellee.