S11G1145. APPLETON v. ALCORN et al.
(728 SE2d 549)

BENHAM, Justice.

This appeal stems from this Court's grant of a writ of certiorari. The record shows that appellee Tiffany Marie Alcorn, as executrix of the estate of her father Richard Alcorn, and her sister, appellee Amy Darlene Alcorn, brought a breach of contract action in which they

---

[2] OCGA § 19-9-3 (g) also states that it is applicable in addition to OCGA § 19-6-15.

asserted that their father's second wife, appellant Bonnie Ann Appleton, contractually waived her right to retain the proceeds of their deceased father's employer-provided 401(k) plan and life insurance policy by entering a settlement agreement incorporated into an order of separate maintenance executed approximately a year prior to the father's death. The parties do not dispute that, under the terms of the employer's benefits plans, the plan administrator properly paid out the benefits to appellant.[1] Appellees, however, contend that appellant waived her right to keep the funds under the settlement agreement which provides in pertinent part:

> Each party shall have the right to name any person or organization they choose as beneficiary of their life insurance policies. Each party waives any interest they have in the other party's life insurance proceeds, cash value, or otherwise.
>
> The parties agree to waive and release any rights or claims they may now have to any retirement pay, benefits, or privileges earned by the other during the marriage.
>
> The Wife hereby waives all rights to claim any interest or share in the Husband's [I]ndividual Retirement Accounts, which shall become his sole property. In the same manner, the Husband hereby waives all rights to claim any interest or share in the Wife's Individual Retirement Accounts, which shall become her sole property.

Appellant moved to dismiss the action pursuant to OCGA § 9-11-12 (b) (6), arguing that the Employee Retirement Income Security Act (ERISA)[2] barred appellees' state law claims. Relying on *Kennedy v. Plan Administrator for DuPont Savings & Investment Plan*, 555 U. S. 285 (129 SC 865, 172 LE2d 662) (2009), the trial court agreed with appellant in part and ruled that the appellees' breach of contract claim was precluded because the "waiver executed in the settlement agreement was not ERISA compliant."[3] Appellees appealed the dismissal to the Court of Appeals which reversed the trial court, concluding that the disbursement of ERISA funds to appellant did not

---

[1] Although the decedent did not designate a beneficiary for the 401(k) plan, the terms of the plan required the funds to be paid to the surviving spouse which was appellant. Appellant was the named beneficiary of the life insurance policy at the time of decedent's death.

[2] 29 USC § 1001 et seq.

[3] The trial court refused to dismiss appellees' equitable claim of unjust enrichment.

preclude the appellees' state law claim for breach of contract.[4] *Alcorn v. Appleton*, 308 Ga. App. 663 (708 SE2d 390) (2011). We granted appellant's petition for certiorari, posing the following question to the parties:

> Did the Court of Appeals err in finding that decedent's children could maintain a state law action against the decedent's surviving spouse to recover proceeds distributed to the spouse as the beneficiary of the decedent's ERISA-governed benefits plans where the state law claims are based on a contention that the spouse waived her rights to such proceeds?

For reasons set forth below, we answer the question in the negative and thereby affirm the judgment of the Court of Appeals.

The purpose of ERISA is twofold: (1) to protect plan participants and their beneficiaries and (2) to defray the reasonable expenses of administering employer-provided benefit plans. *Boggs v. Boggs*, 520 U. S. 833, 845-846 (117 SC 1754, 138 LE2d 45) (1997). Once the plan administrator has paid out the benefits to the rightful participant or beneficiary, however, there is no longer a need for such protection because the participant or beneficiary has received the funds and the plan administrator is no longer obligated to oversee that participant's or beneficiary's interest in the benefit plan. See *Pardee v. Pardee*, 112 P3d 308, 313 (Ok. Civ. App. 2004). Georgia's appellate courts have determined that ERISA-covered benefits that have been paid to the participant or beneficiary are not subject to ERISA's anti-alienation provision. *Eickhoff v. Eickhoff*, 263 Ga. 498 (5) (435 SE2d 914) (1993), overruled on other grounds by *Lee v. Green Land Co.*, 272 Ga. 107 (527 SE2d 204) (2000); *Fernandez v. Bank of Dahlonega*, 217 Ga. App. 739 (3) (459 SE2d 424) (1995). "ERISA 'is concerned not so much with what the beneficiary does with his pension checks or how they are spent but whether those in charge actually deliver the benefits.' [Cit.]" *Eickhoff v. Eickhoff*, supra, 263 Ga. at 503. In fact, once funds from ERISA-covered plans are received by the proper participant or beneficiary, the participant or beneficiary is not judgment proof (id. at 504), and the funds are not sheltered from state law causes of action. *Estate of Kensinger v. URL Pharma, Inc.*, 674 F3d 131, 137 (3rd Cir. 2012) ("permitting suits against beneficiaries after benefits have

---

[4] Because it determined that the trial court considered matters outside the pleadings, the Court of Appeals treated the partial grant of the motion to dismiss as a partial grant of summary judgment and reviewed the case de novo.

been paid does not implicate any concern of expeditious payment or undermine any core objective of ERISA"); *NCNB Financial Services v. Shumate*, 829 FSupp. 178, 180 (W.D. Va. 1993) ("once the line of *actual* receipt is crossed . . . ERISA no longer protects funds despite their origination in an ERISA-qualified pension plan") (emphasis in original). But see *Staelens v. Staelens*, 677 FSupp.2d 499, 508-509 (D. Mass. 2010). In this case, since the proceeds of the ERISA-covered plans were paid out to appellant and were no longer in the control of the plan administrator, the trial court erred when it dismissed the appellees' breach of contract claim against appellant and the Court of Appeals acted appropriately when it reversed the trial court's judgment.

The United States Supreme Court's decision in *Kennedy v. Plan Administrator for DuPont Savings & Investment Plan*, supra, does not require a different result. In that case, the Supreme Court held that the estate could not maintain a state law cause of action *against the employer and the plan administrator* because the funds had been distributed to the beneficiary according to the plan documents and because the plan administrator was not required to distribute the funds according to the terms of a divorce decree since the divorce decree was not a qualified domestic relations order under ERISA.[5] The Supreme Court stated that it expressed no view "as to whether the Estate could have brought an action in state or federal court against [the beneficiary] to obtain the benefits after they were distributed." Id. at 300, n.10. Thus, the trial court in this case was not precluded by *Kennedy*, or any other authority, from adjudicating the merits of appellees' state law cause of action against appellant for any alleged breach of the Separation Agreement or purported waiver of her rights to the proceeds. *Eickhoff v. Eickhoff*, supra, 263 Ga. at 503-504. "[W]hile a plan administrator must pay benefits to the named beneficiary as required by ERISA, this does not mean that the named beneficiary cannot waive her interest in retaining these proceeds." *Sweebe v. Sweebe*, 474 Mich. 151, 156 (712 NW2d 708) (2006). Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 29, 2012.

---

[5] A qualified domestic relations order, or QDRO, is a "domestic relations order . . . which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan" and must meet specific statutory requirements. 29 USC § 1056 (d) (3) (B) (i) (I).

*David J. Hungeling*, for appellant.
*Glaser, Currie & Bullman, Mark B. Bullman*, for appellees.