McDonald, j.
| ¿This appeal by Lori and Lisa Meyerer concerns the distribution of the decedent’s John Deere Savings and Investment Plan (SIP) (a 401K account) and his John Deere Pension Plan for Salaried Employees. The decedent, William Albert Meyerer, was married to his second wife, Teresa Meyerer, on June 8, 1974. Although the parties maintained separate residences, they were still married at the time of his death on June 29, 2008. Subsequently, Mr. Meyerer’s John Deere SIP account proceeds, in the amount of $68,378.00, were paid to Teresa Meyerer as the beneficiary. Also, Teresa Meyerer began receiving a monthly spousal benefit check of $242.68 from Mr. Meyerer’s John Deere Pension Plan.
On June 25, 2010, Mr. Meyerer’s two daughters from his previous marriage, Lori and Lisa Meyerer, filed a petition for recoupment of money due to Mr. Meyer-er’s estate and for specific performance of a separation of property agreement, naming as defendant Teresa Meyerer. Lori and Lisa Meyerer asserted that Mr. Mey-erer’s John Deere SIP and his John Deere Pension Plan account became his separate property as a result of a separation of property agreement entered into between Mr. Meyerer and Teresa Meyerer. Lori and Lisa Meyerer maintained that Mr. Meyerer did not designate beneficiaries to the John Deere plans; thus, after his death those monies became the property of Lori and Lisa Meyerer as the legatees of his will.
On August 18, 2010, Teresa Meyerer filed exceptions of prescription, no cause of action, and no right of action. At a hearing on the exceptions, Lori and Lisa Mey-erer made an oral motion to amend the petition. After the hearing, the exceptions were denied and the district court granted Lori and Lisa Meyerer “leave to amend *576 the petition to eliminate any misunderstanding as to any inferred delictual action, such as tortious conversion or any other delictual claim, to more clearly state the theory of the claims, and to clarify the allegations of the petition.”
|3On December 17, 2010, Lori and Lisa Meyerer filed an amended petition for restitution of money due to the estate, for specific performance of the separation of property agreement, for enforcement of judgment, for breach of contract, and for an accounting by Teresa Meyerer of all monies she received from the John Deere plans.
On March 4, 2011, Lori and Lisa Meyer-er filed a motion for partial summary judgment, asking that the district court compel Teresa Meyerer to account for and transfer to Lori and Lisa Meyerer all amounts received by her or to be received by her from the John Deere SIP and the John Deere Pension Plan, along with attorney fees and costs. Lori and Lisa Meyerer asserted that, despite their timely written request, Teresa Meyerer had refused to sign a waiver of her interest in those plans.
On March 21, 2011, Teresa Meyerer filed an answer to the amended petition and filed exceptions of no cause of action and no right of action. She also raised affirmative defenses, namely, that the plaintiffs’ claims were preempted by the Employment Retirement Income Security Act (ERISA), 29 U.S.C. 1001, et seq.; that the parties were still married at the time of Mr. Meyerer’s death; that Mr. Meyerer did not change the beneficiaries under the John Deere plans; and, that there was no QDRO (qualified domestic relations order). Further, Teresa Meyerer filed a third-party claim against Deere & Company, asserting that as administrator of the John Deere plans, Deere & Company would be liable to Teresa Meyerer for any amount rendered in favor of plaintiffs on the main demand.
On April 25, 2011, the matter was removed to the United States District Court for the Middle District of Louisiana by Deere & Company. Deere & Company maintained that the federal court had jurisdiction over the claims asserted in the third-party claim by Teresa Meyerer. After a status conference on January 24, 2012, the matter was remanded to the state court. Deere & Company |4was dismissed from the lawsuit.
On March 23, 2012, Teresa Meyerer filed a motion for partial summary judgment, asking to be recognized as the sole beneficiary of Mr. Meyerer’s John Deere SIP and John Deere Pension Plan and asking that the district court dismiss the plaintiffs’ claims.
After a hearing, the district court denied the motion for partial summary judgment filed by Lori and Lisa Meyerer and granted the motion for partial summary judgment filed by Teresa Meyerer. The district court dismissed Lori and Lisa Meyerer’s claims against Teresa Meyerer for the amounts received from Mr. Meyer-er’s John Deere plans and further ordered the Clerk of Court to disburse the sum of $4,251.15 held in the registry of the court to the succession of Mr. Meyerer for one-half the expenses incurred to maintain and sell the home located at 2613 West High-meadow Court. Lori and Lisa Meyerer appealed that judgment and make the following assignments of error.[1]
*577 1. The trial court committed legal error in holding that Teresa Meyerer was not obligated by a provision in a Separation of Property Agreement, homologat-ed as an order of court, by which she conveyed to William Meyerer all of her interest in employee benefits provided by William Meyerer’s former employer, John Deere. Implicitly, this error was based on the incorrect legal conclusion that her contractual obligation was preempted by the Employee Retirement Income Security Act (“ERISA”).
2. The Trial Court committed legal error by failing to award attorney fees, although the same were specifically provided for in the Separation of Property Agreement, where, as here, [Appellee] breached her contractual duty.
THE SEPARATION OF PROPERTY AGREEMENT
The Separation of Property Agreement provides, in part:
A.
In consideration for the property allocated to me herein by William A. Meyer-er, and the assumption of debts by him as outlined ^herein, I, Teresa Meyerer, hereby agree to convey and transfer any and all ownership interest I may have or may hereafter acquire in the following property:
1) John Deere, Inc. Savings and Investment Plan;
2) John Deere, Inc. Pension Plan and 401 K;
[[Image here]]
M.
The parties stipulate and agree that the obligations set forth in this agreement are personal obligations only of each party, for the consideration herein received, and that third parties may deal with the parties free and clear of any expressed or implied resolutory condition or any expressed or implied right of recission.
[[Image here]]
Q-
Both parties further agree to execute and sign any deeds, bills of sale, or other documents or instruments reasonably necessary and proper to accomplish the purpose and conditions of this agreement, and specifically agree to sign and execute any and all papers necessary to effect a transfer of any property mentioned in this settlement, including qualified domestic relations orders concerning their retirement plans.
Mr. Meyerer and Teresa Meyerer never executed any additional paperwork in regard to the John Deere plans. Specifically, Mr. Meyerer did not designate a beneficiary, no Qualified Domestic Relations Order (QDRO) was ever executed, and Teresa Meyerer never signed a waiver of her interest in the plans.
THE JOHN DEERE SAYINGS AND INVESTMENT PLAN (SIP) 401K[2]
The John Deere Savings and Investment Plan provides:

ARTICLE VIII. VESTING DISTRIBUTIONS AND WITHDRAWALS

[[Image here]]
8.6 Beneficiaries.
(a) Each Participant may designate any legal or natural person or persons to receive any benefits payable under *578 the Plan on account of his death. Each designation by a Participant shall be filed with the Plan Administrator on an Appropriate Form and may include | ^successive or contingent Beneficiaries. A Participant, by filing an Appropriate Form with the Plan Administrator, may change his Beneficiary designation at any time and from time to time without the consent of or notice to any person previously designated by him. No Beneficiary designation or change of designation shall be effective unless filed with the Plan Administrator during the Participant’s lifetime.
(b) Notwithstanding the foregoing, however, if a Participant has a surviving spouse, the surviving spouse shall be the Beneficiary unless the spouse consents as provided in Paragraph (d) to the designation of a Beneficiary other than the surviving spouse, and the designation of a Beneficiary other than the surviving spouse shall be ineffective without such consent.
(c) If no person has been designated by a Participant (or if all persons so designated die before the Participant or die before complete distribution of his benefits), then the Plan Administrator, in its sole discretion, shall direct the Trustee to distribute the Participant’s benefits (or the balance thereof) to:
(i) his surviving spouse; or
(ii) if there is no surviving spouse, one or more of his relatives by blood, adoption or marriage as it decides; or
(iii) the estate of the last to die of the Participant and his Beneficiary. In no event can the Beneficiary of a deceased Participant designate a Beneficiary.
(d)For purposes of this Section 8.6, the consent of a Participant’s surviving spouse must be in writing, must acknowledge the effect of the designation and must be witnessed by a notary public. However, such consent shall not be required if the Participant establishes to the satisfaction of the Plan Administrator that such consent cannot be obtained because the spouse cannot be located or because of such other circumstances as the Plan Administrator may prescribe in accordance with regulations for the Secretary of the Treasury.'
Lori and Lisa Meyerer acknowledge that the John Deere SIP was distributed as required by the terms of the plan: that is, since Mr. Meyerer did not designate a beneficiary to the plan, and Teresa Meyerer was married to Mr. Meyerer at the time of his death, the John Deere SIP was distributed properly to Teresa Meyer-er. However, they argue that Teresa Meyerer breached her contract (the community partition agreement) with Mr. Meyerer by refusing to sign a waiver (as requested by Lori and Lisa Meyerer after Mr. Meyerer’s death), which would have allowed | 7the John Deere SIP proceeds to be paid to Lori and Lisa Meyerer. Further, Lori and Lisa Meyerer maintain that Teresa Meyerer breached her contract with Mr. Meyerer by not turning the John Deere SIP money over to Lori and Lisa Meyerer after she received it.
The separation of property agreement provides that Teresa Meyerer “agreetd] to convey and transfer any and all ownership interest I may have or may hereafter acquire” in the John Deere SIP and John Deere Pension Plan (emphasis added). It also provides that “the obligations set forth in this agreement are personal obligations only of each party.”
*579 An obligation is strictly personal when its performance can be enforced only by the obligee, or only against the obligor. La. C.C. art. 1766. By its own terms, the obligation of Teresa Meyerer to “convey and transfer” her interest in the John Deere SIP to Mr. Meyerer was enforceable only by Mr. Meyerer. He failed to enforce the contract. Lori and Lisa Mey-erer cannot now enforce the contract after his death.
THE JOHN DEERE PENSION PLAN FOR SALARIED EMPLOYEES
The John Deere Pension Plan for Salaried Employees provides:
ARTICLE IV
SURVIVOR BENEFITS
Section 1. Survivor Benefits for Retired Employees
A. For a married employee retiring on or after 30 September 1979 under Sections 1, 2, 3-D or 4 of Article III, whose designated spouse shall be living at the employee’s death after retirement, a Survivor Benefit shall be payable to such spouse commencing on the first day of the month following the employee’s death after retirement.
[[Image here]]
Section 4. Preretirement Surviving Spouse Benefit for Former Employees
A. Notwithstanding any other provision of this Plan, the surviving | sspouse of a former employee, whose employment terminated after 30 October 1976, will be eligible for a monthly survivor’s benefit, provided the former employee:
(1)had been married to the spouse for at least one year immediately prior to death;
(2) dies on or after 23 August 1984;
(3) was eligible for a Deferred Vested Pension as provided in Section 5 of Article III;
(4) had not rejected this preretirement surviving spouse benefit by filing the proper form with the Company prior to death. An election to reject the preretirement surviving spouse benefit is valid only if consented to by the spouse as required on the form provided by the Company.
The John Deere Pension Plan provides for a survivor benefit for surviving spouses of retired employees only. This is a monthly sum payment, and the pension plan does not provide a way for a surviving spouse to transfer this benefit to another person. However, Lori and Lisa Meyerer maintain that Teresa Meyerer should have honored her contract with Mr. Meyerer by paying to Lori and Lisa Meyerer the amount she receives each month from the John Deere Pension Plan after she receives it. They maintain that this solution is endorsed in Estate of Kensinger v. URL Pharma, Inc., 674 F.3d 131 (3rd Cir.2012). Again, they maintain that Teresa Meyerer breached her contract with Mr. Meyerer by refusing to “convey and transfer any and all ownership interest I may have or hereafter acquire” to Mr. Meyerer’s estate.
As noted above, this obligation was owed personally to Mr. Meyerer, as per the terms of the contract. Furthermore, in Estate of Kensinger, the parties were divorced, and the wife signed a waiver of her rights to her husband’s employer-sponsored 401 (k) plan, as part of their divorce decree. However, Mr. Kensinger never changed the beneficiary of his plan, which remained his ex-wife at the time of his death. In that case, the court found that the estate could sue the ex-wife to enforce *580 the waiver and the challenge would be litigated as an ordinary contract [¡¡dispute. The court determined that, to the extent that ERISA is concerned with the expeditious payment of plan proceeds to beneficiaries, permitting suits against beneficiaries after benefits have been paid does not implicate any concern of expeditious payment or undermine any core objective of ERISA. Estate of Kensinger, 674 F.3d at 137.
In the present case, the Meyerers never divorced and never completed the necessary paperwork to partition the community property in regard to the John Deere plans.
In Gorham v. Gorham, 2009-1118 (La.App. 1st Cir.12/23/09), 31 So.3d 421, writ denied, 2010-0164 (La.4/5/10), 31 So.3d 363, this court considered an appeal from a judgment in favor of a surviving spouse recognizing her as the sole designated beneficiary to the entirety of two retirement accounts and dismissing all claims asserted by the succession of the deceased spouse to a portion of the funds in those accounts. This court affirmed the district court judgment. The parties were married and had no children. They physically separated and did not reconcile. Mrs. Gorham filed a petition for divorce, and thereafter the parties entered into an agreement regarding matters related to divorce, including a stipulation that the community ended on October 2, 2003. A stipulated judgment was signed on December 23, 2003. Gor-ham, 31 So.3d at 423.
On April 28, 2004, Mrs. Gorham filed a petition to partition the community property, alleging that she and Mr. Gorham had partially partitioned the community of ac-quets and gains, but they were unable to partition the remaining community assets. On January 31, 2005, a second stipulated judgment was signed that included an acknowledgment by the parties that Mrs. Gorham was entitled to a pro-rata interest in Mr. Gorham’s Shell Pension Plan and that the parties “shall endeavor to confect a Qualified Domestic Relations Order to be submitted to the plan administrator or effect a buy-out of her interest in his pension plan within | Tnsixty (60) days from the date of this Judgment.” The QDRO was never confected and the parties were never divorced, and Mr. Gorham died later that year. Prior to his death, Mr. Gorham executed a will naming two individuals other than Mrs. Gorham as the residual legatees of his estate and co-executors of his estate, but he made no changes in the ownership or beneficiary status of the retirement accounts. Id.
The trial court determined that Mrs. Gorham’s participation in a prior consent judgment that ordered that a pro-rata share of the accounts be apportioned to her in a community property settlement was not a judicial confession precluding her from asserting that she was the owner/beneficiary of the retirement accounts. Gorham, 31 So.3d at 424.
This court in Gorham noted that ERISA generally preempts Louisiana community property law and that ERISA provides an exception to that preemption where an ex-spouse has a QDRO establishing his or her claim to these survivor benefits. Gorham, 31 So.3d at 424-425. The court affirmed the trial court judgment in favor of Mrs. Gorham that dismissed the co-executors’ claims to the IRA funds received by Mrs. Gorham. This court found that the statements by Mrs. Gorham were insufficiently explicit to establish a judicial confession that IRA benefits were owned by the named beneficiary, and noted that “in this matter, the parties were never divorced, and a QDRO was never confected between them.” Gorham, 31 So.3d at 426.
As in Gorham, in the present case, Mr. Meyerer and Teresa Meyerer were never *581 divorced, and the necessary paperwork to partition the community property in regards to the John Deere plans was never executed. Thus, we find no manifest or legal error in the district court judgment denying the motion for partial summary judgment filed by Lori and Lisa Meyerer, and granting the motion for partial summary judgment filed by Teresa Meyerer, recognizing her as the sole beneficiary |nof Mr. Meyerer’s John Deere SIP and his John Deere Pension Plan, and we affirm that judgment.
Regarding assignment of error number two, we find no manifest error or abuse of discretion in the court’s denial of Lori and Lisa Meyerer’s request for attorney fees based on their argument that Teresa Mey-erer breached her contractual duty to Mr. Meyerer.
For the foregoing reasons, the district court judgment granting summary judgment in favor of Teresa Meyerer is affirmed. Costs are assessed against Lori and Lisa Meyerer.
AFFIRMED.

. Assignment of error number three, that the trial court committed legal error by striking from the record an affidavit submitted by Lori and Lisa Meyerer, while not striking an affidavit on the same topic submitted by Teresa Meyerer, was withdrawn by Lori and Lisa Meyerer in their reply brief.

. The Separation of Property Agreement erroneously refers to the John Deere Pension Plan as the 40IK. The John Deere Savings and Investment Plan (SIP) is actually the 401K account.